## In re LOUISVILLE STORAGE CO.

District Court, W. D. Kentucky.

Jan. 4, 1936.

Elliott Lee Maddox and Andrew M. Sea, Jr., both of Louisville, Ky., for appellants.

H. M. Denton and Thomas S. Dawson, both of Louisville, Ky., for appellees.

HAMILTON, District Judge.

This action is pending before the court on petition for allowance of attorneys' fees and costs. H. M. Denton and Thomas S. Dawson, attorneys for the receiver, ask an allowance of $350; Charles Schimpeler, temporary trustee, $300; Thomas B. Bullitt, permanent trustee, $250; F. J. Miller, an employee of the bankrupt, $90. In addition, the trustees each asked for $100, premium paid for surety bonds. Each petitioner requests that his claim be preferred over secured and unsecured creditors. All of these allowances are objected to by the Louisville Title Company, trustee under a mortgage deed of trust securing the owners of certain mortgage bonds outstanding against the bankrupt.

This was an action originally filed by the Louisville Storage Company on October 21, 1935, seeking reorganization under section 77B of the Bankruptcy Act, as amended, 11 U.S.C.A. § 207.

The Louisville Title Company, trustee, on intervention, challenged the jurisdiction of the court and objected to the business of the bankrupt being continued by its officers pending the proceedings, and asked the appointment of a temporary trustee with $10,-000 surety; and this was done.

The intervener objected to the appointment of Charles Schimpeler, then acting manager of the bankrupt, as temporary trustee, which objection was overruled. At the time of the appointment of a permanent trustee, because of the objection of the title company to Schimpeler, claimant Thomas B. Bullitt was appointed, and the title company asked that his bond be fixed at $10,-000 which was done.

Schimpeler and Bullitt each paid $100 premium on their bonds. Reorganization failed because of a lack of approval of creditors. The Louisville Title Company has moved to dismiss these proceedings, to which the bankrupt objects unless the claims of the attorneys and trustees are allowed as preferred.

The Louisville Title Company, trustee, prior to these proceedings, had obtained, in the Kentucky Jefferson circuit court, a judgment of foreclosure on the property of the bankrupt, and there were no free assets out of which to pay the expenses of this litigation.

The title company insists this court is without jurisdiction to make any allowances payable out of the lien assets.

Under section 77B(a, c, k) of the act, 11 U.S.C.A. § 207(a, c, k), the bankruptcy court has exclusive jurisdiction of a reorganization and control over all of the debtor's property wherever located pending the proceedings. Upon approving the petition for reorganization, the court is authorized to continue the bankrupt's business, or may appoint a temporary and subsequently a permanent trustee. If the reorganization does not materialize, the court may dismiss the proceedings or liquidate the estate.

The court is empowered to allow reasonable compensation for services rendered and reimbursement for actual and necessary expenses incurred in connection with the proceedings, which includes parties in interest, depositaries, reorganization managers, and committees or other representatives of creditors or stockholders and the attorneys or agents of any of the foregoing and of the debtor.

After jurisdiction once attaches of persons or property, it continues until the matter is finally concluded, and is not contingent on successful reorganization.

It was contemplated under the Bankruptcy Law, section 67, as amended, 11 U. S.C.A. § 107, that adjudication in bankruptcy would not affect valid existing liens on the property of the bankrupt at the date of adjudication, and, for the protection of lienholders on the sale of such property in the bankruptcy action, the proceeds arising therefrom should be paid to the lienholder without charging against him any of the expenses of administration solely for the benefit of the general estate.

This same rule applies to proceedings under section 77B, and a lienholder cannot be compelled to bear any of the expenses of reorganization, unless chargeable against him under the act before the amendment.

It has always been the rule inherent in general principles of equity that the lienholder must bear the expense of bankruptcy administration which is solely for his benefit, or to which he consents, or which he

causes. In re Yoke Vitrified Brick Company, D.C., 180 F. 235; In re Cramond, D. C., 145 F. 966; MacGregor v. Johnson-Cowdin-Emmerich, Inc., 2 Cir., 31 F.2d 270; Robinson v. Dickey, 3 Cir., 36 F.2d 147; Louisville Railway Company v. Wilson, 138 U.S. 501, 509, 11 S.Ct. 405, 34 L.Ed. 1023.

Applying these principles to the case at bar, practically all the costs and expenses incurred were at the insistence of the intervener, the Louisville Title Mortgage Company, and Title Insurance & Trust Company, trustee. They objected to the operation of the bankrupt's business by its officers and employees, pending the outcome of the reorganization, and insisted that a temporary trustee be appointed with surety of $10,000. They also insisted on the appointment of a permanent trustee with $10,000 surety.

It will be presumed that costs and expenses incurred by reason of the conduct of the lienholder are for his benefit, and he will be required to pay them out of his part of the estate if there are no other assets belonging to the bankrupt out of which they may be discharged.

H. M. Denton and Thomas S. Dawson, attorneys for the bankrupt and for its receivers, are allowed $350 for their services, $100 of which will be chargeable against the bondholders or their trustees, and $250 against the bankrupt's general estate. This allowance shall also include $24.48 expense incurred by Thomas S. Dawson on behalf of the bankrupt.

The receivers are each allowed $200, $100 of which shall be for expenses incurred by each of them for premiums on their bonds. F. J. Miller is allowed $90 wages as a caretaker of the property, all of which is chargeable against the bondholders or their trustees.

These proceedings will be dismissed when it is shown to the satisfaction of the court that the above claims have been paid.

In the event this order is not complied with by the bondholders' trustee, the court will retain jurisdiction of the case and liquidate the assets of the bankrupt.

The attorneys will draw an order conformable to this memorandum.