## In re CENTRALIA REFINING CO.

### No. 7910.

District Court, E. D. Illinois.

Nov. 12, 1940.

Leigh M. Kagy, of Baker, Lesemann, Kagy & Wagner, of East St. Louis, Ill., for trustee.

Hugh V. Murray, Jr., of Centralia, Ill., for Limerick Finance Corporation, a secured creditor.

WHAM, District Judge.

The debtor, Centralia Refining Company, a corporation, filed its petition for reorganization under Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq. The petition was approved, a temporary trustee appointed and, in due time, his appointment was made permanent. An auditor was appointed by the court to audit the books of the debtor and service was performed by him. The trustee, by order of court, employed counsel and both trustee and counsel rendered necessary and meritorious service. The trustee gave a surety bond which was approved by the court, employed watchmen to guard the property, including the property covered by liens, and made necessary expenditures for light and power and insurance.

Within a brief period it became obvious to those charged with the responsibility of presenting a plan of reorganization that no feasible plan of reorganization could be formulated. Bankruptcy followed by order of court and the estate is now in process of administration.

Upon the petition of the trustee in bankruptcy this matter now comes before me upon referee's certificate for review of his order whereby he denied petition of the trustee for an order to sell certain real and personal property free and clear of liens and encumbrances. To said petition of the trustee was filed, (1) answer of Rixmann Lumber Company, asserting a

mechanic's lien upon the real estate and the pendency of a suit to foreclose same filed in the state court prior to the filing of the reorganization proceedings under Chapter X, to which suit Limerick Finance Corporation, by reason of its liens on said property, was made a party defendant; and (2) the answer of Limerick Finance Corporation asserting prior mortgage liens upon both the real and personal property greatly in excess of their fair cash market value and praying for an order of abandonment of said real and personal property by the trustee as burdensome pursuant to prior petitions for abandonment filed by the Limerick Finance Corporation and D. Rixmann Lumber Company; also denying that the administrative costs and expenses of the corporate reorganization proceedings were incurred for the benefit of Limerick Finance Corporation or of the property covered by its liens and denying that such costs and expenses were properly chargeable against said property.

The referee, after hearing evidence, held valid and preexisting the liens of the Limerick Finance Corporation upon the real and personal property in question to secure the principal sum of $18,400; found that the fair cash market value of said property does not exceed $12,000; that the general creditors have no interest or equity in said property; that the state court obtained prior jurisdiction, and now has jurisdiction, of the real and personal property covered by the mortgage liens of the Limerick Finance Corporation which is superior to the jurisdiction of this court of bankruptcy; that said property became impressed with necessary costs of preservation during the reorganization and bankruptcy proceedings in the amount of $2,025 covering cost of insurance, watchmen, light and power, but not with the general costs of administration such as court costs, trustee's, attorneys' and auditors' fees and expenses; that said sum of $2,025 should be paid to the trustee by the parties asserting the liens in the state court prior to release of the property to be dealt with by the state court in the foreclosure proceedings there pending.

The failure of the referee to make allowance against the property for general costs of administration such as trustee's fees, attorneys' fees and costs of auditing constitutes the principal ground of trustee's petition for review, the unencumbered assets in the estate being inadequate to pay such fees, costs and expenses. The lien creditors, though not conceding the propriety of charging the said property with aforesaid costs of preservation, have sought no review.

The crucial question in the case is whether the court costs and the fees and necessary expenses of the trustee, his attorneys and the auditor incurred in the unsuccessful reorganization proceeding may properly be charged against the property in question in view of the prior liens upon same and in view of the fact that the other assets in the estate are wholly inadequate to pay such proper costs of administration. The question of jurisdiction which was labored so valiantly by referee and counsel seems to me to be swallowed up in the larger question as to whether such costs are chargeable against the liened property, if no jurisdictional question were presented.

I have no doubt that this court, regardless of prior state court procedure and jurisdiction, has all necessary jurisdiction over the property to enable it to carry out the provisions of Chapter X, even though reorganization failed and bankruptcy ensued. Chapter X, sections 111–116, 11 U.S.C.A. §§ 511–516; In re Louisville Storage Co., D. C., 21 F.Supp. 897, 899, affirmed, 6 Cir., 93 F.2d 1008.

Section 238, 11 U.S.C.A. § 638, provides that upon the entry of an order directing that bankruptcy be proceeded with, where the petition was filed under section 128, 11 U.S.C.A. § 528, as here, the proceedings shall thereafter be conducted, so far as possible, in the same manner and with like effect as if an involuntary petition for adjudication had been filed at the time the petition under this chapter was filed and a decree of adjudication had been entered at the time when the petition under this chapter was approved.

Section 246, 11 U.S.C.A. § 646, provides that upon the entry of an order adjudging the debtor a bankrupt in a proceeding under this chapter the judge may allow reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred in such proceeding prior to such order of adjudication by any persons entitled thereto, as provided in this chapter, and shall make provision for the payment thereof, and for the payment of all proper costs and expenses incurred by officers in such proceedings.

Reading sections 238 and 246 together it would appear that the provision

which the court is required to make for the payment of costs and expenses incurred in the unsuccessful corporate reorganization proceeding must be governed by the principles which control the provision for the payment of costs and expenses of administration in regular bankruptcy proceedings. The rules governing the status of claims secured by valid liens in a regular bankruptcy proceeding are stated in 8 C.J.S., Bankruptcy, § 453, as follows: "Claims constituting valid and existing liens on property of the bankrupt at the time of bankruptcy, and not invalidated thereby, are entitled to priority and payment in full, from the property covered by the liens or the proceeds of such property, not only before the payment of the claims of general creditors, but also before the payment of the claims designated in the section of the Bankruptcy Act relating to priorities, such as claims for wages, debts due to persons entitled to priority under the laws of the United States or of a state, taxes not constituting liens, and general administration expenses."

In Re Louisville Storage Co., supra, which arose in a case in which reorganization had failed under section 77B, 11 U.S. C.A. § 207, the court said:

"It was contemplated under the Bankruptcy Law, section 67, as amended, 11 U. S.C.A. § 107, that adjudication in bankruptcy would not affect valid existing liens on the property of the bankrupt at the date of adjudication, and, for the protection of lienholders on the sale of such property in the bankruptcy action, the proceeds arising therefrom should be paid to the lienholder without charging against him any of the expenses of administration solely for the benefit of the general estate.

"This same rule applies to proceedings under Section 77B, and a lienholder cannot be compelled to bear any of the expenses of reorganization, unless chargeable against him under the act before the amendment.

"It has always been the rule inherent in general principles of equity that the lienholder must bear the expense of bankruptcy administration which is solely for his benefit, or to which he consents, or which he causes. In re Yoke Vitrified Brick Company, D.C., 180 F. 235; In re Cramond, D.C., 145 F. 966; MacGregor v. Johnson-Cowdin-Emmerich, Inc., 2 Cir., 31 F.2d 270; Robinson v. Dickey, 3 Cir., 36 F.2d 147; Louisville Railway Company v. Wilson, 138 U.S. 501, 509, 11 S.Ct. 405, 34 L.Ed. 1023."

The court found there that in large measure the services and expenses of the trustee and his attorney were made necessary by affirmative acts of the lienholder. To the extent that was found to be true, the liened property was charged. See also Title & Trust Company v. Wernich, 9 Cir., 68 F.2d 811; In re Ivel Displays, Inc., 2 Cir., 74 F.2d 702.

■ A mortgage lien may not be impaired in a 77B proceeding before a final plan of reorganization has been approved. In re Forty-One Thirty-Six Wilcox Bldg. Corp., 7 Cir., 100 F.2d 588; Duparquet Huot & Moneuse Co. v. Evans, 297 U.S. 216, 56 S.Ct. 412, 80 L.Ed. 591.

■ In the case before the court the referee has made findings as to the expenses that were incurred for the preservation, protection and benefit of the liened property and charged the liened property with them. In failing to include among the costs and expenses so charged against the property the court costs, trustee's, attorneys' and auditors' fees incurred in the proceeding I cannot say he was in error. Those were general expenses. My familiarity with this case brings to my mind no act on the part of the lienholder and none appears of record which would enable me to say that it had consented to or caused the incurrence of those expenses or that those expenses were for the benefit of the lienholder or the liened property.

I am aware that this decision will work hardship upon innocent officers and appointees of the court in the reorganization proceeding. This is to be regretted but there seems to be no lawful alternative. It must stand as warning to court, counsel and litigants to use care to avoid instituting corporate reorganization proceedings without the consent of the secured creditors in cases in which the available free assets or income are insufficient to meet the necessary costs of administration in event reorganization fails. Good faith in filing the petition is directly involved in such circumstances. I know of no valid reason for a law which would permit the expenses of an abortive reorganization proceeding to be visited upon the holder of a valid preexisting lien without his consent or fault.

The petition for review is denied and the order of the referee, which, in effect, is a conditional order of abandonment, is hereby confirmed.