**HETRICK v. READING CO.**

No. 1265.

District Court, D. New Jersey.

May 22, 1941.

Samuel Shapiro, of Newark, N. J., and Harry G. Fuerst, of Cleveland, Ohio, for plaintiff.

Katzenbach, Gildea & Rudner and George Gildea, of Trenton, N. J., for defendant.

FORMAN, District Judge.

Plaintiff sues for damages for personal injuries under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., claiming he is totally and permanently disabled for regular employment for hire. In partial answer to the complaint defendant makes the following pertinent allegations:

"Fourth Separate Defense

"If the plaintiff is totally and permanently disabled from regular employment for hire, he is entitled to receive an annuity under the Act of Congress known as the Railroad Retirement Act of 1937, which annuity would amount to approximately $95.00 per month for the rest of his life, and if the plaintiff is entitled to any damages from defendant, and is totally and permanently disabled from regular employment for hire, the damages should be mitigated by deducting therefrom the present value of an an-

nuity of about $95.00 a month for the rest of the plaintiff's life.'

The case was brought before this court for a pre-trial conference, and a motion has been made to strike the above quoted defense of the defendant. For the purpose of the motion it is admitted that plaintiff has been in the employ of defendant for a period of thirty years.

To effectuate the purpose of the Railroad Retirement Act of 1937, 45 U.S.C.A. § 228a et seq., Congress enacted a companion act, Carriers Taxing Act of 1937, 45 U.S.C.A. § 261 et seq., creating a fund to be paid into the Treasury of the United States, to which the employer and employee contribute equally. The defendant admits that if it had not contributed to the fund from which the plaintiff might be entitled to receive an annuity, then it would not be entitled to have the annuity taken into consideration. Since it has contributed to the fund, mitigation of damages is sought: (1) to the full extent of the annuity, or (2) in the sum of ½ the annuity, or (3) failing in either of these claims defendant claims a set-off amounting to the sum it has contributed to the fund.

The pertinent parts of the Railroad Retirement Act are as follows:

"There is hereby established as an independent agency in the executive branch of the Government a Railroad Retirement Board * * *." 45 U.S.C.A. § 228j(a).

"The Board shall have and exercise all the duties and powers necessary to administer this Act and the Railroad Retirement Act of 1935. The Board shall take such steps as may be necessary to enforce such Acts and make awards and certify payments." 45 U.S.C.A. § 228j(b) 1.

"(a) The following-described individuals * * * shall * * * be eligible for annuities after they shall have ceased to render compensated service to any person * * *:

"1. Individuals who on or after the enactment date shall be sixty-five years of age or over.

"2. Individuals who on or after the enactment date shall be sixty years of age or over and (a) either have completed thirty years of service or (b) have become totally and permanently disabled for regular employment for hire * * *.

"3. Individuals, without regard to age, who on or after the enactment date are totally and permanently disabled for regu-

lar employment for hire and shall have completed thirty years of service.

"Such satisfactory proof of the permanent total disability, and of the continuance of such disability until age sixty-five shall be made from time to time as may be prescribed by the Board. If the individual fails to comply with the requirements prescribed by the Board as to proof of the disability or the continuance of the disability until age sixty-five, his right to an annuity under subdivision 2 or subdivision 3 of this subsection by reason of such disability shall, except for good cause shown to the Board, cease, but without prejudice to his rights under subdivision 1 or 2 (a) of this subsection." 45 U.S.C.A. § 228b.

"No annuity or pension payment shall be assignable or be subject to any tax or to garnishment, attachment, or other legal process under any circumstances whatsoever, nor shall the payment thereof be anticipated." 45 U.S.C.A. § 228l.

The material parts of the Employers' Liability Act, enacted in 1908, provides as follows:

"Any contract, rule, regulation, or device whatsoever, the purpose or intent of which shall be to enable any common carrier to exempt itself from any liability created by this chapter, shall to that extent be void: Provided, That in any action brought against any such common carrier under or by virtue of any of the provisions of this chapter, such common carrier may set off therein any sum it has contributed or paid to any insurance, relief benefit, or indemnity that may have been paid to the injured employee or the person entitled thereto on account of the injury or death for which said action was brought." 45 U.S.C.A. § 55.

"Nothing in this chapter shall be held to limit the duty or liability of common carriers or to impair the rights of their employees under any other Act or Acts of Congress." 45 U.S.C.A. § 58.

In the case of McCarthy v. Palmer, D.C., 29 F.Supp. 585, the defendants sought to mitigate plaintiff's damages by the amount he would receive as an annuity under subdivision a (3) of the Railroad Retirement Act supra. The parties stipulated that the court might determine whether or not the plaintiff was permanently and totally disabled for regular employment for hire within the meaning of the Railroad Retirement Act. The court decided this question adversely to the plaintiff and held that he was not entitled to an annuity on that basis. The defendants then argued that they were entitled at least to a set-off to the extent of their contribution to the fund out of which plaintiff at the age of sixty would be entitled to an annuity. Subdivision a (2) supra. The court disallowed this on the ground that "defendants ignore the salient fact that the contributions, upon the basis sought to be set off, have relation to the age provisions of the Act and there is no nexus between the purpose for which the contributions in this regard were made and the purpose for which damages in this negligence action are awarded." 29 F.Supp. 585, 588.

On Appeal the lower court was affirmed, the court stating: "Sec. 5 of the Employers' Liability Act [45 U.S.C.A. § 55 supra] confines the set off to a sum contributed or paid to any insurance, relief benefit, or indemnity that may have been paid on account of the injury for which the action was brought. There is no such sum available for any set off since no payments have been made and there could be one only by virtue of the Railroad Retirement Act of 1937. The plaintiff has not been brought by his injuries within any class entitled to benefit under the provisions of that Act. Nor will any retirement payments made to him in the future, so far as the proof in this record shows, ever be made on account of the injuries for which this suit was brought. If they are ever made at all, it will be on account of his reaching the retirement age regardless of his injuries. His loss because of his injuries has, therefore, no relation to any future benefits he may receive under the Railroad Retirement Act of 1937 and whatever sums the appellants may have contributed or paid because of that statute do not come within the set off provisions of § 5 of the Employers' Liability Act." McCarthy v. Palmer, 2 Cir., 113 F.2d 721, 723.

This case is the nearest approach to the subject involved herein, but obviously not controlling since the set-off claimed was based upon the plaintiff's prospective right to an annuity when he reached the age of sixty. The court pursuant to the stipulation of counsel concluded that the plaintiff was not totally and permanently disabled, and, hence, it was able to avoid the issue herein presented. In the case at bar we have squarely before us a claim for damages under the Employers' Liability Act based upon injuries, and those very injuries it is argued create a prospective claim for an annuity under the Retirement Act. 38 Michigan Law Review 1073.

The four corners of the Retirement Act and particularly the provisions hereinabove quoted disclose that the right to an annuity by an employee is preserved intact. Eligibility to the annuity based upon disability and service is not contingent upon the employee's lack of fault, and specifically, the annuity is made impervious to the claims of creditors. Furthermore, anticipation of the fund is precluded. These provisions indicate that the fund is the inherent right of the employee which becomes crystallized upon the occurrence of the designated prerequisites.

The terms of the Employers' Liability Act as quoted hereinabove are not inconsistent with the inalienableness of an annuity under the Retirement Act. It is expressly provided that nothing in that Act "shall be held * * * to impair the rights of * * * employees under any other Act or Acts of Congress."

The defendant endeavors to commingle the two acts on the ground that the receipt of damages for injuries under the Employers' Liability Act as well as an annuity under the Retirement Act is in effect a dual recovery based on the same injuries. However, the annuity fund is created by equal contributions from the employee and employer. For that reason it cannot be said that the defendant will be paying twice (assuming that plaintiff will establish his right to an annuity) for the same injury. Furthermore, we do not think that an annuity based upon total and permanent disability, etc., was ever intended as compensation, because the right to the fund does not depend upon the ordinary rules of evidence. In short, the occurrence of the disability in such a case is simply the event upon which the right to the annuity accrues.

Finally, the defendant contends that the portion of the Employers' Liability Act preserving its right to "set off * * * any sum it has contributed or paid to any insurance, relief benefit, or indemnity that may have been paid to the injured employee * * * on account of the injury * * * for which said action was brought" at least will permit it to set off the sum it has contributed to the Retirement Fund. It does not appear that the plaintiff has yet received any insurance relief benefit, or indemnity out of a fund to which the defendant has contributed. Nor will any benefits be paid to him in the future so far as the proofs in this case are concerned, unless the Railroad Retirement Board grants him relief. 45 U.S.C.A. § 55; McCarthy v. Palmer, supra. Furthermore, if the Retirement Board should see fit to grant an annuity it is not certain how long the annuity will continue because it depends upon the continuance of the disability. 45 U.S.C.A. § 228b supra.

It is our understanding that Congress by the passage of the Retirement Act undertook to create a certain amount of economic security for employees of a railroad who engage in a work fraught with daily exposure to the hazard of injury, but peculiarly essential to the public. Under conditions defined in the law, this legislation was designed to permit elderly men to separate themselves from the service. In fact, the annuity is an inducement to the retirement of men reaching sixty-five years of age, and creates a corresponding influx of younger employees. In addition, the right to the annuity is accelerated when an employee of thirty years of service becomes totally and permanently disabled. Under the Employers' Liability Act an injured employee is given the right to an award of damages for his injury. If the sole negligence is his, he can recover nothing. Except when there is a violation of the Safety Appliance Act, 45 U.S.C.A. § 1 et seq., approximately causing his injury his contributory negligence may reflect itself in his recovery. Separate and apart from his pecuniary loss in diminished earning capacity, he is entitled to recover for his pain and suffering, an element difficult to measure. The objects of the two pieces of legislation are entirely foreign to each other, and we are of the view that there never was a legislative intent that a jury giving consideration to the last named elements was to draw into its calculations the annuities provided for by the Retirement Act so that payments made by the employer under the latter legislation would be returned to it. Under these circumstances we do not feel that the annuity was ever intended to restore injured employees to a theoretical status quo, but on the contrary was intended to make secure in society those employees suffering injury after thirty years of service, or perhaps because of thirty years of service. Recovery under the Liability Act in such case is beside the point, because that is an attempted restorative alone.

The motion to strike is granted.