In re TINKOFF.

TINKOFF et al. v. GOLD et al.

No. 7488.

Circuit Court of Appeals, Seventh Circuit.

Oct. 27, 1941.

Rehearing Denied Dec. 10, 1941.

Paysoff Tinkoff, of Chicago, Ill., for appellant.

Robert Mack David and Louis Cohen, both of Chicago, Ill., for appellee.

Before MAJOR, KERNER, and MINTON, Circuit Judges.

KERNER, Circuit Judge.

This is an appeal from an order denying appellants' motion to restrain the delivery of certain chattels by David Storage and Moving Co., who claimed a warehouseman's lien thereon.

The record discloses that appellants are husband and wife. May 5, 1937, they placed in storage with David Storage and Moving Co. certain chattels. David Storage operates a public storage warehouse licensed by the State of Illinois. At the time the chattels were delivered to David Storage they were accompanied by a written order signed by the appellants, in which David Storage was instructed to receive the goods in storage in the name of the appellants. June 5, 1937, Paysoff Tinkoff added certain rugs and carpets to the storage lot. All of these goods and chattels were in possession of David Storage at the time these proceedings were commenced.

To evidence its acceptance of the bailment David Storage issued to Paysoff Tinkoff its warehouse receipt, which provided inter alia that all storage and other charges must be paid before the delivery of any of the goods and that if the storage charges were not paid when due, the goods would be sold at public auction.

On June 6, 1940, David Storage and Moving Co., claiming a lien for the storage of said chattels, made a demand upon appellants for the payment of $3,262.70, the amount of its lien, and in the demand notified appellants that unless this amount was paid, it would sell the chattels at public auction. On June 21, 1940, appellants filed suit in a state court of Illinois and sought an injunction restraining appellees

from proceeding with said sale. From an order of that court denying the injunction, appellants prayed on appeal. That appeal was never perfected.

On July 15, 1940, Ella H. Tinkoff filed her petition in the District Court as a petition for a real estate arrangement under Chapter XII of the Bankruptcy Act, 11 U.S.C.A. § 801 et seq., and obtained, ex parte, an order enjoining David Storage from proceeding with the sale of the chattels.

The record is not clear, but sufficient appears therein to show that in 1935 foreclosure proceedings were commenced in the Superior Court of Cook County, Illinois, to foreclose liens on two parcels of real estate owned by the appellants, upon which decrees of foreclosure were entered in 1936. During the pendency of these foreclosure proceedings, Ella H. Tinkoff filed a voluntary petition pursuant to the provisions of § 74 of the Bankruptcy Act, 11 U.S.C.A. § 202. That petition was dismissed on January 20, 1936 and Ella H. Tinkoff appealed. This court affirmed the judgment of dismissal, 7 Cir., 85 F.2d 305. Thereafter the real estate involved in the foreclosure proceedings was sold and the equity of redemption has long since expired.

On July 17, 1940, the District Court, upon appellees' motion, vacated the restraining order of July 15, 1940 and authorized David Storage to proceed with the sale of the chattels. July 22, 1940, appellants moved that David Storage be enjoined from delivering the chattels sold at public auction. The motion being denied, the present appeal followed.

Appellants make numerous assignments of error, but to us it is clear that upon the record here presented, the question we are called upon to decide is: Did the District Court, sitting as a court of bankruptcy, have the power to vacate the restraining order of July 15.

As before noted, the contract authorized David Storage to sell the chattels at public auction in the event the storage charges were not paid when due. In our case no fraud appears or is alleged, no denial is made that the storage charges are due and unpaid, nor is it claimed that David Storage has done or intends to do any act not authorized by the contract. Under such circumstances the bankruptcy court was empowered to allow the warehouseman to proceed with the sale. In re Mertens, 2 Cir., 144 F. 818, 823; In re Mayer, 2 Cir.,

157 F. 836. See also Straton et al. v. New, 283 U.S. 318, 51 S.Ct. 465, 75 L.Ed. 1060. It follows that no error was committed when the court denied appellants' motion to restrain the ·delivery of the chattels.

Order affirmed.