In re FREEPORT STANDARD DAIRY CORPORATION.

STAHL et al. v. REISS et al.

No. 7746.

Circuit Court of Appeals, Seventh Circuit.

Dec. 4, 1941.

784

Louis F. Reinhold and Harold R. Nettles, both of Freeport, Ill., for appellants.

L. A. Jayne, Albert H. Manus, and Manus & Manus, all of Freeport, Ill., for appellees.

Before EVANS, KERNER, and MINTON, Circuit Judges.

MINTON, Circuit Judge.

This is a summary appeal from an order in bankruptcy pursuant to 11 U.S.C.A. § 650. Proceedings had been instituted under Chapter 10 of the Chandler Bankruptcy Act to reorganize the Freeport Standard Dairy Corporation. No plan was offered or adopted and the Corporation was thereafter regularly adjudicated a bankrupt. Upon petition of the trustee, his attorney, and the attorney for the debtor for their services in the abortive reorganization proceedings, the Court allowed compensation to them but refused to subject the mortgaged real estate of the debtor to the payment thereof.

The only question presented in this summary appeal is whether or not the District Court erred in refusing to subject the mortgaged real estate to the payment of the compensation allowed for the services of the trustee, his attorney, and the attorney for the debtor in the reorganization proceedings.

The mortgages were in existence and in the process of being foreclosed in the State Court when the reorganization proceedings were instituted. The secured creditors were enjoined from proceeding in the State Court with their foreclosure. They therefore had notice of the proceedings and received from time to time the notice of steps taken in the reorganization proceedings, but they never participated therein, or consented thereto, except as they remained passive. No notice ever advised the secured creditors of any proceeding in the Bankruptcy Court for the purpose of charging the mortgaged property with any of the expenses or costs of the reorganization proceedings, which proved to be abortive and of no benefit to the secured creditors, until the petition of the trustee and the attorneys was filed, and they sought to have their compensation made a charge upon the property of the debtor, superior to the lien of the mortgage. Upon receipt of notice of such petition, the secured creditors promptly appeared and entered their objections, which were sustained by the District Court.

Under such circumstances, we think the District Court properly refused to charge the compensation allowed against the mortgaged property as a charge superior to the lien of the mortgage.

In considering this precise question under 77B, 11 U.S.C.A. § 207, proceedings, this Court said: "Duparquet [Huot & Moneuse] Co. v. Evans, 297 U.S. 216, 56 S.Ct. 412, 80 L.Ed. 591, seems to leave no doubt that a mortgage lien may not be impaired in a 77B proceeding before a final plan of reorganization has been approved." In re Forty-One Thirty-Six Wilcox Bldg. Corporation, 7 Cir., 100 F.2d 588, 593.

See, also, Louisville Title Mortgage Company v. Louisville Storage Company, 6 Cir., 93 F.2d 1008, affirming In re Louisville

Storage Company, D.C., 21 F.Supp. 897; 8 C.J.S., Bankruptcy, § 872.

The Chandler Act, providing a complete method of procedure in the reorganization of corporations in bankruptcy, has not changed this rule.

■ The Appellants seek to present for our consideration on this appeal the propriety of an order of the District Court which they allege vacates and nullifies an earlier order unreviewed and not appealed from, relating to certificates of indebtedness issued by the trustee. That matter is not before us. This is a summary appeal under 11 U.S.C.A. § 650, concerning the compensation allowance of the trustee and the attorneys for the trustee and for the debtor. There is no other record before us in the case, except the original papers pertaining to that matter, and no other matter is or could be properly presented to this court in this summary appeal.

The case is affirmed.