## In re WEIL et ux.
### No. 10010.

District Court, M. D. Pennsylvania.

Aug. 13, 1942.

Joseph P. Brennan, Asst. U. S. Atty., of Scranton, Pa., for petitioner.

Robert W. Trembath, of Tunkhannock, Pa., for Wyoming Nat. Bank of Tunkhannock, Pa.

JOHNSON, District Judge.

This is a petition to review a referee's report of audit of the above bankrupt estate which denied priority to the claim of the United States.

The pertinent facts of this case are found in a former opinion of this Court (In re Weil et ux., D.C.Pa., 39 F.Supp. 618), and briefly are as follows: In 1935 the First National Bank of Scranton, Pennsylvania, loaned monies to the bankrupt, taking as security a judgment note which was duly entered in the Court of Common Pleas of Wyoming County, Pennsylvania. The loan was guaranteed by the Federal Housing Administration, a governmental agency. The bankrupts defaulted, and upon demand, the Federal Housing Administration paid the balance due and took an assignment of the judgment in favor of "United States of America". Subsequently voluntary bankruptcy proceedings were instituted, and the United States filed a claim for $416.45 with 6% interest from August 27, 1937, asserting a right of prior payment under Section 64, sub. a(5), of the Bankr.Act, 11 U.S.C.A. § 104, sub. a(5), section 3466 of the Revised Statutes, 31 U.S.C.A. § 191. The referee denied this priority, the United States of America filed exceptions to the report of audit, and on June 28, 1941, this Court ordered that the referee allow this claim the priority accorded debts due the United States under Section 64, sub. a(5), of the Bankruptcy Act. The referee thereupon filed his second report of audit in January, 1942, and, in accordance with the above order, allowed the claim of the United States of America as a prior claim, but awarded the entire fund after payment of delinquent taxes, to the Wyoming National Bank of Tunkhannock, Pennsylvania.

The Wyoming National Bank is a creditor of the bankrupts having a judgment lien on the bankrupts' property, which lien attached to the said property prior in time to the lien of the First National Bank of Scranton, Pennsylvania, upon which the claim of the United States is based. The United States filed exceptions to the report of audit, which are now before the court.

The exceptions raise two questions: First, whether the referee should have allowed anything to the Wyoming National Bank before the claim of the United States Government is paid in full; and, secondly, the propriety in terming the claim of the United States of America as the claim of the "Federal Housing Administration".

■ As to the latter question, the undisputed facts show that the claim of the United States did in fact arise out of a loan made by the Federal Housing Administration, a federal agency. Therefore, the referee's action in terming such claim as the claim of the Federal Housing Administration was entirely proper. Furthermore, the mere use of such title to designate the claimant in no way affects its rights to come within the priorities given in Sec. 64, sub. a(5), of the Bankruptcy Act, as all parties admit that the disputed debt is a "debt owing the United States of America" as the real party in interest, and hence entitled to all the rights and priorities given by this section of the Act.

■ The primary question is simply this: Does the phrase "debts to have priority", as employed in Section 64, sub. a(5), of the Bankruptcy Act refer solely to priority over unsecured debts, or does it apply to and include priority over all debts, those secured by fixed liens as well as those unsecured by lien? This question was not discussed by the Court in its prior opinion, and a decision of it now is necessary to determine the merit of the petitioner's claim, and the rights of the Wyoming National Bank.

The petitioners claim to be entitled to be paid out of money now in the hands of the trustee in Bankruptcy awaiting distribution, in preference to the demands of those having fixed liens prior in time on the property of the bankrupt at the date of the adjudication, averring that the phrase "debts to have priority" applies to and includes priority over all the debts of the bankrupt, including those secured by lien.

This is not a new question and has been considered by the District Court of the Eastern District of Illinois, in the case of In re Centralia Refining Co., 1940, 35 F. Supp. 599, 602. That case dealt with the lien of a mortgage and the claim that administration expenses, given the same type of preference under Section 64, sub. a(5), as sought here, are entitled to payment before and in preference to the satisfaction of the claim secured by the mortgage lien. The Court held that: "Claims constituting valid and existing liens on property of the bankrupts at the time of bankruptcy, and not invalidated thereby, are entitled to priority and payment in full, from the property covered by the liens or the proceeds of such property, not only before the payment of the claims of general creditors but also before the payment of the claims designated in the section of the

16

Bankruptcy Act relating to priorities, such as claims for wages, debts due to persons entitled to priority under the laws of the United States or of a state, taxes not constituting liens, and general administration expenses". See also 8 C.J.S., Bankruptcy, § 453; In re Lasky, D.C.Ala.1941, 39 F. Supp. 24, 28, where the Court held that the section of the Bankruptcy Act respecting debts which have priority was not intended to affect valid liens, and that "priority rights are not effective until the interests of lien claimants have been satisfied". Bird v. City of Richmond, 5 Cir., 240 F. 545, 39 A.B.R. 1; In re Cramond, D.C.N.Y., 145 F. 966, 17 A.B.R. 22, 38; In re Yoke Vitrified Brick Co., D.C. Kan., 180 F. 235, 25 A.B.R. 18; Remington on Bankruptcy, Vol. 6, Sec. 2839.

The above decisions, while not dealing with the exact factual situations as this case, all involve a dispute as to priority between a holder of a secured debt in the nature of a lien, and a person claiming statutory priority by reason of Sec. 64 of the Bankruptcy Act. Hence they determine the issue here involved.

It is therefore ordered that the petition for review be denied, and the order of the referee is confirmed.