1008

**In re SHERIDAN VIEW BLDG. CORPO-
RATION.**

**SEIFRIED v. CHATZ et al.**

**No. 8983.**

Circuit Court of Appeals, Seventh Circuit.
April 30, 1946.

Luther D. Swanstrom, of Chicago, Ill., for appellant.

J. H. Schwartz, E. A. Cooper, Norman H. Nachman, and Schwartz & Cooper, all of Chicago, Ill., for appellees.

Before SPARKS and KERNER, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

Appellant, owner of bonds in the amount of $132,800, 66.10% of the outstanding junior issue of the debtor corporation, appeals from an order of the District Court allowing to the trustee in reorganization proceedings and his attorney, fees and stenographer's expenses against the rental income of the property involved in the proceedings, all of which, including the income, was mortgaged to secure the bonds. The contention is that it was error to direct that such general administrative fees be paid out of funds covered by the mortgage. Appellant insists further that if the court had any authority to make the allowances, they were excessive. Appellees insist that appellant did not by proper objection preserve the first point; that appellant, having accepted the benefit of the administration, is thereby estopped to deny liability to contribute to the costs; that the order was, accordingly, justified and that the allowances are reasonable.

The original petition for reorganization, we held in In re Sheridan View Building Corporation, 149 F.2d 532, was not filed in good faith. Following our mandate the District Court dismissed the proceedings and directed surrender of the property to the state court, where, prior to the filing of the original creditors' petition, the bondholders had proceeded to a decree of foreclosure for $226,800 on property appraised at $171,000. Thus it has been adjudicated that the petition was not filed in good faith; that no plan of reorganization was ever presented; that the bankruptcy court was without author-

ity to receive or entertain any such plan and that the proceedings were, consequently, of no benefit to any one, but were on the contrary detrimental to the proceedings in the state court, which we have held should not have been disturbed, and brought upon the bondholders a delay of many months before the invalidity of the petition was finally established, during all of which time they were deterred from realizing upon their undisputed lien. We think it beyond dispute in this situation that the District Court was without authority to allow to the trustee or his attorney or their employees any fees for general administrative work payable out of the rentals mortgaged to appellant.

To say that appellant consented to the possession of the property by the trustee is at variance with the record, which discloses that at all times, holding the majority of the bonds, he continuously and consistently objected to the proceeding, asserted that the petition was not filed in good faith, and resisted in every proper legal manner possible the administration of assets in bankruptcy. Failing in the District Court, he appealed to this court, filed a supersedeas bond and eventually secured a decision sustaining his contention that the petition was not filed in good faith and his further claims that the proceeding in the state court had progressed to such extent and was in such status that the bondholders were being fully protected and that bankruptcy administration of the insolvent corporation could achieve no benefit and no advantage for anyone. To say that a litigant who repeatedly openly and expressly resists administration has consented to the incurring of general administrative expense does violence to any reasonable construction of the facts. There is here no such consent as the courts have had in contemplation when they have announced that a secured creditor who is benefited by the administration of his mortgaged property or has consented thereto may be required to contribute to the expense of conservation. On the contrary we have open resistance from beginning to end, rather than agreement.

In this state of the record, we think that the controlling law is authoritatively established by two decisions of this court: In re Forty-One Thirty-Six Wilcox Bldg. Corp., 7 Cir., 100 F.2d 588; In re Freeport Standard Dairy Corp., 7 Cir., 124 F.2d 783. In the first of these, this court reviewed at length the authorities bearing upon the specific question presented here and announced in no uncertain terms the guiding principles, all of which we think are well sustained by the decisions of the Supreme Court and by the courts of other circuits in the cases cited in the opinion. We see no occasion to multiply the announcements there made, to which we adhered in the second case. The authoritative statement in the Wilcox case is as follows [100 F.2d 593]: "We are forced to conclude in view of such authorities that a court is without right to allow fees or expenses except where they have been earned or incurred in connection with the formation of a plan of reorganization which has been, theoretically at least, of benefit to all parties in interest. Unfortunately, petitioners served in no such capacity. Conceding they acted in good faith, believing that their services were being rendered in the interest of the debtor and others, the fact remains that they failed at the very inception of the proceedings. * * * Even if the court were possessed of the authority to allow compensation to petitioners, it could not be paid from the fund in the hands of the temporary trustee. That fund was accumulated from the rents derived from the mortgage property upon which respondent had a lien." Indeed we think this is generally accepted law. DuParquet Huot & Moneuse Co. v. Evans, 297 U.S. 216, 221, 222, 56 S.Ct. 412, 80 L.Ed. 591; In re Sheridan View Bldg. Corp., 7 Cir., 149 F.2d 532; In re Louisville Storage Co., D.C.Ky., 21 F.Supp. 897, affirmed Louisville Title Mortgage Co. v. Louisville Storage Co., 6 Cir., 93 F.2d 1008; Miners Savings Bank of Pittston, Pa., v. Joyce, 3 Cir., 97 F.2d 973; Lockhart v. Garden City Bank & Trust Co., 2 Cir., 116 F.2d 658; Central Hanover Bank & Trust Co. v. Philadelphia & Reading C. & I. Co., 3 Cir., 99 F.2d 642, 646; John Hancock Mutual Life Ins. Co. v. Casey, 1 Cir., 139 F.2d 207, 209; In re Franklin Garden Apts., Inc., 2 Cir., 124 F.2d 451, 454; In

re Centralia Refining Co., D.C.E.D.Ill., 35 F.Supp. 599, 602. It follows that, inasmuch as appellant is in no wise barred by having accepted any benefits from or by consenting to the reorganization proceedings but has on the contrary resisted continuously, there is nothing to take this case out of the general rule that mortgaged rental may not be used for the satisfaction of general administrative expenses. *

[3] Appellees insist, however, that the objection is raised here for the first time. The transcript discloses not only the resistance of appellant as above set forth but also that when the petition for fees was filed, appellant filed a general objection enumerating certain specific grounds but not mentioning specifically the fact that the rentals were to be used. However, contemporaneously, the trustee for the bondholders filed objections in which it asserted that to allow the fees would be to create an improper burden upon the secured creditors. Appellant objected to any allowance, asserting that there had been no occasion for the trustee to perform any duties and prayed that no allowances be granted. Eventually the court overruled the objections and made the allowances. We think, in this situation, whether there was error in the record is a question of law and that appellant has every right to assert any legal error embraced in the judgment. In other words, if the record discloses any reason why the order was improper, we think it must fall. This is not a case where a litigant attempts to raise some question not disposed of by the order complained of or a case where appellant is complaining upon factual grounds not before the District Court. It is rather a case where the fact that the funds in the hands of the trustee were rentals covered by the mortgage was before the court. This undisputed fact was ever present and, if the court failed to give true significance to it in its final order, we know of no reason why appellant should not be permitted to call the error to our attention.

For the reasons stated, we conclude that it was error to enter any order imposing as a burden upon the rentals from the property, an allowance of fees to the trustee and his attorney or the expenses of the stenographer. As has been elsewhere remarked, this may seem a hardship upon officials appointed by the District Court. That fact is unfortunate but unavoidable.

In view of our conclusion we think it unnecessary to consider other contentions of appellant.

The judgment will be reversed with directions to proceed in accord with this opinion.

33 C.C.P.A.(Patents)

———◆———

---

* It might be observed that appellant raises no question as to the propriety of the expense of operation of the property, that is keeping it in repair and preserving it, out of the rental. He objects only as to the general administrative fees of the trustee and the attorney for the trustee.