### In re TINKOFF.

TINKOFF et al. v. GOLD et al.
No. 8908.

Circuit Court of Appeals, Seventh Circuit. June 8, 1946.

Rehearing Denied Aug. 12, 1946.

---

[7] Shields v. Utah Idaho R. Co., 1938, 305 U.S. 177, 183, 59 S.Ct. 160, 83 L.Ed. 111; Utah Fuel Co. v. Coal Com'n, 1939, 306 U.S. 56, 59, 59 S.Ct. 409, 83 L.Ed. 483.

406

Paysoff Tinkoff, of Chicago, Ill., for appellants.

Louis Cohen, Robert Mack David, and J. Albert Woll, U. S. Atty., all of Chicago, Ill., for appellee.

Before MAJOR, KERNER, and MINTON, Circuit Judges.

MAJOR, Circuit Judge.

This is an appeal from a distribution order entered by the District Court on May 16, 1945, in a cause theretofore instituted for a real estate arrangement under Chapter XII of the Bankruptcy Act, 11 U.S.C.A. § 801 et seq. The petition by the debtor, Ella H. Tinkoff, was filed July 15, 1940, and alleged that she was the equitable owner of certain designated real properties in which she had an interest other than a redemption right. The appellant, Paysoff Tinkoff, filed in the bankruptcy proceedings a petition claiming some interest in the estate and, therefore, designates himself as claimant.

The order under attack provides for the payment of certain administrative expenses including fees for the trustee and his attorney, and that the remainder of the fund in the hands of the trustee be paid to the David Storage and Moving Company. Appellants were the sole objectors to the distribution of the fund as ordered.

Innumerable petitions and motions were filed during the course of the proceeding by Paysoff Tinkoff, either on his own behalf or that of his wife or both, and a multiplicity of issues were sought to be raised in the District Court as well as in this court, most of which are irrelevant to the order appealed from. They represent another exhibition of Tinkoff's propensity for litigation. He apparently enjoys the role of creating confusion and causing all possible trouble and vexation, and his efforts in the instant matter have been rewarded to the extent that he has succeeded in preventing the distribution of the fund in controversy for almost five years, where otherwise it would have been distributed long ago. An attempt at clearance of all the fog injected into this proceeding by Tinkoff would be wasted effort. Out of the maze of confusion engendered there emerges the understandable fact as to the source of and reason for distribution of the fund as provided in the order appealed from.

The source is aptly disclosed in a former opinion of this court (In Re Tinkoff, 7 Cir., 123 F.2d 528) and the circumstances need not be reiterated in detail. In connection

with our opinion in that case, it is sufficient to relate that the David Storage and Moving Company had a lien on certain chattels stored with it by the debtor and claimant. At a time when the storage company was on the verge of advertising and selling said chattels in satisfaction of its lien, as it was authorized to do under Illinois law, Ella H. Tinkoff filed the instant proceeding. On the same date she procured an ex parte order restraining the storage company from proceeding with the sale. Two days later this restraining order was vacated, which order of vacation was approved on appeal by this court. Thereupon, the chattels were disposed of at public sale. An order of the District Court required that the proceeds be turned over to a bankruptcy trustee without prejudice to the lien of the storage company. In other words, the proceeds turned over to the trustee were impressed with a lien in favor of the storage company and this is the fund now ordered distributed.

Shortly subsequent to the institution of the instant proceeding, the question was raised as to whether the debtor had any interest in real estate, as she had alleged in her petition. The court's jurisdiction was dependent upon the verity of this allegation. The attorney for the trustee made an investigation and reported to the court that the petitioner had no such interest. Consequently, on February 26, 1941, the court dismissed the petition for lack of jurisdiction. In such order of dismissal jurisdiction was retained for the sole purpose of disbursing the money in the custody of the trustee and entertaining his final report in the matter. The debtor appealed from this order of dismissal, which was affirmed by this court. In Re Tinkoff, 7 Cir., 141 F. 2d 731.

█ In view of this determination of a lack of jurisdiction it is unnecessary to consider the numerous questions raised by the appellants in their many petitions and motions filed both prior and subsequent to such order. Obviously it would have been futile for the court to entertain or decide such questions prior to a determination of its jurisdiction, and it is equally plain that it was without authority to do so subsequent to its determination that it was without jurisdiction. In other words, after it was determined that the court was without jurisdiction, it had no authority to do anything other than order a proper distribution of the fund in the hands of its trustee.

█ Appellants evidently realize that the dismissal for lack of jurisdiction is fatal to their numerous claims and pretensions. To meet this obstacle, however, it is urged that this court (In Re Peer Manor Building Corp., Debtor, 7 Cir., 153 F.2d 802) overruled our previous holding (141 F.2d 731) that the order of dismissal was proper. We think we did no such thing. In fact, in the Manor case we distinguished our holding in the Tinkoff case, as is shown on page 805 of 153 F.2d, wherein, referring to the Tinkoff case, we stated: "Obviously, the bankruptcy court could not take jurisdiction of something title to which had passed long prior to the filing of the petition. * * * title had passed prior to bankruptcy and there was nothing in the estate for the trustee to seize." Moreover, even though we had overruled a principle announced in this former opinion, it could not affect the order of affirmance entered therein. Whether right or wrong, and we think it was right, it became and is the law of the case.

It is pertinent to observe that the Tinkoffs are in a poor position to complain that their rights have been infringed by reason of the instant proceeding. It must be remembered that they, and they alone, are responsible for the court assuming jurisdiction by reason of a false jurisdictional averment which, in view of what had previously transpired, must have been known to be false by the debtor and her husband. So far as the present record discloses, neither of them was the owner of any property, equitable or otherwise, except that which was stored with the storage company and on which the latter had a lien. It plainly appears that the bankruptcy proceeding was instituted as a subterfuge and for the designated purpose of preventing the storage company from satisfying

its lien.[1] The Tinkoffs, having initiated the proceeding and invoked the jurisdiction of the court under such circumstances, are responsible for this transfer of the fund in controversy from the storage company to the trustee. Notwithstanding all this, they have the boldness to contend that the fund was improperly taken over by the bankruptcy court and is about to be illegally distributed.

It is asserted that the trustee and his attorney were illegally appointed and, therefore, not entitled to any allowance. We think there is no merit in this contention. It is also claimed that the trustee and especially his attorney were unfaithful to their trust, that, in place of occupying a neutral position, they insisted on investigating and reporting to the court facts which deprived the court of its jurisdiction. If such be the case, we see no impropriety in their so doing. In fact, we think it was entirely proper. The Tinkoffs, having attempted to mislead the court by a false jurisdictional allegation, now appear to resent the fact that the trustee and his attorney assisted in exposing their chicanery. It is argued that if the court had no jurisdiction it was without authority to distribute the fund. As already shown, the order of dismissal for lack of jurisdiction expressly provided, and properly so, for such distribution. See In Re Peer Manor Building Corp., Debtor, supra.

It perhaps is true that the court could not properly have ordered paid out of the fund in controversy the expenses and compensation for services, including those of the trustee and his attorney, without the consent of the storage company which, as shown, had a lien on the fund. The storage company, however, makes no objection to such allowances. In fact, it consents thereto and this distinguishes the situation from that considered recently by this court, In Re Sheridan View Building Corp., Debtor, 7 Cir., 154 F.2d 1008, wherein we held that the expenses of administration could not be paid from a fund impressed with a lien. Furthermore, it is no concern of the Tinkoffs that the adminis-

trative expenses are being paid from the fund for the reason that they have no interest in it and in any event none of it would be payable to either of them. In this connection it is pertinent to note that in addition to the lien in favor of the storage company the federal government also had a lien for a large amount upon the fund or any other property owned by the Tinkoffs, which it pursued in the instant proceeding to the point where it realized its claim was worthless.

We need go no further. We conclude there is no merit in the appeal. The manner in which the Tinkoffs imposed upon the court by their false jurisdictional averment, together with their dilatory and vexatious tactics, have placed them in a situation of their own creation. They should not expect a court of equity or any other court to extricate them therefrom. They should be required to pay all the costs of this proceeding, including the fee of the trustee and compensation for his attorney. We fail to impose such a requirement only because we are without authority to do so.

The order appealed from is affirmed.

---

[1] This is not the debtor's first experience in seeking the aid of a bankruptcy court. This court (In Re Tinkoff, 7 Cir., 85 F.2d 305) affirmed an order dismissing her petition for want of good faith.