In the Matter of ALASKA PLYWOOD CORPORATION, Debtor.
No. BK-213.

District Court, Alaska
First Division, Juneau.
Oct. 23, 1958.

424

Robert Boochever (of Faulkner, Banfield & Boochever), Juneau, Alaska, for debtor.

M. E. Monagle (of Robertson, Monagle & Eastaugh), Juneau, Alaska, for Secretary of the Treasury (mortgagee).

Thomas B. Stewart, Juneau, Alaska, for trustee and substitute trustee.

Howard D. Stabler, Juneau, Alaska, for preferred shareholders.

KELLY, District Judge.

Pursuant to the Act of July 1, 1898, c. 541, 30 Stat. 545, as amended by the Act of June 22, 1938, c. 575, 52 Stat. 900, 11 U.S.C.A. § 642, the court is vested with discretionary powers so as to permit reasonable allowances to trustees and to stockholders' committees for services rendered in corporate reorganization proceedings approved by the court. In re Moorhead Knitting Co., D.C.1944, 58 F. Supp. 93; In re Hydraulic Machinery, Inc., D.C.1949, 87 F.Supp. 666; In re International Power Securities Corp., D.C.1953, 112 F.Supp. 46. And, any determination as to whether such allowances should be made is not dependent on a successful adoption or final approval of a plan of reorganization. Smith v. Central Trust Co., 4 Cir., 1944, 139 F.2d 733; In re Vernan Mfg. Co., D.C.1950, 92 F.Supp. 861. In the event that reorganization does not take effect and the insolvent corporation is adjudicated bankrupt, the court may properly determine the method of payment of any reorganization expenses under Section 246 of the Bankruptcy Act (11 U.S.C.A. §

646). In view of the fact that reorganization was unsuccessful, and in accordance with applicable provisions, the Court permitted allowances only in the sum of $14,911.69.

It appears that the salable assets of the Alaska Plywood Corporation are encumbered by a mortgage held by the now defunct Reconstruction Finance Corporation. The Secretary of the Treasury has succeeded to the rights of the mortgagee. There is much doubt as to whether a sale of the secured assets of the corporation would yield sufficient funds to satisfy the mortgage completely. The stockholders' committee and trustee request that the allowances permitted them be given priority against the mortgaged assets, so as to satisfy their claims prior to that of the secured creditor. The final plan of reorganization was approved by all parties concerned, with the exception of the corporate debtor.

Generally, reorganization expenses and allowances are to be accorded priority over other claims of creditors. State of Missouri v. Earhart, 8 Cir., 1940, 111 F.2d 992, certiorari denied 1940, 311 U.S. 676, 61 S.Ct. 43, 85 L.Ed. 435. Under earliest decisions of the bankruptcy laws, it was well settled that general administrative expenses in corporate reorganization proceedings were not chargeable as a first lien against proceeds from the sale of assets covered by a mortgage to the detriment of the mortgagee. If the lienholder did not initiate the proceedings, or otherwise consent to the attempted reorganization, priority would be allowed him to the full extent of his lien. In re Torchia, 3 Cir., 1911, 188 F. 207; In re Louisville Storage Co., D.C.1936, 21 F.Supp. 897, affirmed Louisville Title Mortgage Co. v. Louisville Storage Co., 6 Cir., 1938, 93 F.2d 1008; In re Forty-One Thirty-Six Wilcox Bldg. Corp., 7 Cir., 1938, 100 F.2d 588. In the absence of the secured creditor's consent to the reorganization proceedings, it was only where expenses incurred by the trustee directly preserved the mortgaged property that such expenses would be afforded priority as a first lien against secured assets. Miners Sav. Bank of Pittston, Pa. v. Joyce, 3 Cir., 1938, 97 F.2d 973.

Subsequent to the above decisions, the law as to method of payment of reorganization expenses upon adjudication of bankruptcy of a debtor corporation was set forth in the Act of June 22, 1938, c. 575, § 1, 52 Stat. 901, 11 U.S.C.A. § 646. This section provides:

"Upon the dismissal of a proceeding under this chapter, or the entry of an order adjudging the debtor a bankrupt, the judge may allow reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred in such proceedings prior to such dismissal or order of adjudication by any persons entitled thereto, as provided in this chapter, and shall make provision for the payment thereof, and for the payment of all proper costs and expenses incurred by officers in such proceedings."

Although this provision to a degree would apparently liberalize the method of payment of allowances, a number of courts adopted the former rulings as interpretation of this enactment. In re Centralia Refining Co., D.C.1940, 35 F.Supp. 599; In re Freeport Standard Dairy Corporation, 7 Cir., 1941, 124 F.2d 783; John Hancock Mutual Life Ins. Co. v. Casey, 1 Cir., 1943, 139 F.2d 207.

However, other courts have taken a different view of this enactment, and have held that the court is vested with discretionary powers under this section in allowing lien priority. In the decision of In re Riddlesburg Mining Co., 3 Cir., 1955, 224 F.2d 834, 837, the court expressed the belief that:

"Section 246 of the Bankruptcy Act, 11 U.S.C.A. § 646, gives the judge authority to allow reasonable compensation for administrative expenses incurred during a reorganization attempt. There is no limitation with regard to secured or unsecured assets. Whether, and to what de-

gree, the mortgage creditors should run a risk of loss in order to make possible a reorganization was wholly within the discretion of the district judge, who properly exercised his discretion."

In the above case, a mortgagee vigorously objected to any efforts of reorganization, and reorganization did not prove to be successful. Free assets were insufficient to satisfy the expenses of reorganization proceedings. Although the element of consent of the mortgagee to the proceedings was lacking, the court charged the mortgaged property with expenses of reorganization. However, it does not appear that the mortgagee was benefited by any expenses incurred during the reorganization proceedings.

This same view was adopted in First Western Savings and Loan Ass'n v. Anderson, 9 Cir., 1958, 252 F.2d 544. Yet, in this case, trustee's allowances were denied lien priority against secured assets where free assets were insufficient to satisfy the allowances. It is to be noted that no definite plan of reorganization had been proposed, nor does it appear that the mortgagee consented in any way to the proceedings. However, expenses incurred preserving the secured assets, such as items of repair and police protection, were allowed as a first lien, since the expenses tended to retain the value of the assets intact for the mortgagee and benefited him to some extent. This decision is not conclusive as to the circumstances found here, since the court did recognize the discretion of the judge in cases such as this in fixing lien priority, and further recognized that the exercise of such discretion is dependent on the facts of each case.

The court, in First Western Savings and Loan Ass'n v. Anderson, supra, emphasized that the discretion of the judge in allowing lien priority is not absolute. In exercising judicial discretion, the court pointed out that the judge must consider the substantive rights of the secured creditor, and should not impair his rights in the secured assets of the in-solvent corporation unless it can be shown that the equities lie with those to whom the allowances have been permitted. If in every instance secured assets could be charged indiscriminately with expenses of reorganization upon adjudication of bankruptcy, the value of secured transactions would be greatly diminished. To determine where the "equities" lie, the court set forth certain enumerated factors to guide the judge in exercising his judgment as to whether lien priority should be permitted for allowances. Among these factors to be considered are consent of the secured creditor to the reorganization proceedings, the expectation of consummating a plan of reorganization, benefits bestowed on the secured creditor, the cooperation of the secured creditor in efforts to formulate a plan of reorganization, the interests sought to be protected through the proceedings, and the diligence of the trustees in their endeavor to provide an acceptable plan for all parties concerned. It is now to be considered whether these standards shall permit lien priority for the awarded allowance.

At the time the petition was filed for reorganization of the Alaska Plywood Corporation, there was every reason to expect that reorganization of the insolvent corporation could be achieved. The initial plan of reorganization was reasonable on its face, and provided in detail the necessary steps to reestablish the corporation to a condition where it could again resume its operations. For this reason the Court approved the plan of reorganization. A successful dealer in plywood materials had been contacted, and it was expected the dealer would be of great value as an adequate source of distribution for company sales. The plan met with general approval of stockholders and creditors, with the exception of the secured creditor, who objected to a distributor arrangement based on an exclusive sales contract.

Although the proceedings were instigated primarily in consideration of stockholders and the debtor corporation, the

plan of reorganization called for gradual reduction of the mortgage debt, and duly considered the interests of the secured creditor. It was in deference to the secured creditor that alternative plans were proposed. With this in mind, the Court feels that the efforts of the trustee and committee to formulate an acceptable plan to all parties interested in the proceedings were commendable.

In presenting its claims to the Court, the mortgagee expressed the desire not to waive any interest in the secured assets. The rejection of the initial plan of reorganization by the mortgagee was unquestionably made in good faith. However, at no time during the formulation of the various plans did the mortgagee expressly object to the reorganization proceedings. On the contrary, the mortgagee expressed an attitude of considerable interest in any proposed plans, and to this extent encouraged the trustee and the stockholders' committee in expending their time and services in formulating the plans of reorganization. The mortgagee's only objection upon the adjudication of bankruptcy of the insolvent corporation was directed to the amount of the allowances to be awarded for their services in the proceedings, and in so doing impliedly consented to the proceedings as such. See In re Torchia, supra. Although no benefits were bestowed on the mortgagee, it appears that the secured creditor would have benefited by the proceedings had they proved successful, in that the secured assets were apparently insufficient to satisfy the mortgage. The proceedings were finally terminated when the trustee felt that the reorganization lacked sufficient investment appeal. In virtue of these considerations, the Court feels that the facts of this case are within the permissible limits of the decision of First Western Savings and Loan Ass'n v. Anderson, supra, and that lien priority should be allowed the trustees and committee for the allowances awarded them.

The foregoing shall constitute findings of fact and conclusions of law unless the parties desire additional findings or conclusions.

Order in accordance herewith may be submitted.