## Hollock v. Occupational Disease Fund

*Anthony C. Falvello,* for claimant.

*John R. Reap, Jr.,* for Commonwealth of Pennsylvania Occupational Disease Fund.

DALESSANDRO, *J.,* August 13, 1974—The Commonwealth has appealed an award of compensation to claimant, Nicholas Hollock. The issue presented is whether Mr. Hollock is entitled to Pennsylvania occupational disease benefits while he is receiving Federal railroad retirement benefits.

## HISTORY AND FACTS

Nicholas Hollock worked in and around coal mines for 17 years until 1943, at which time he left the mines to work on a railroad. Hollock worked on the railroad for 29 years, working last on June 15, 1972. His work on the railroad was re-icing cars and he apparently did no work on the railroad exposing him to coal dust. On June 15, 1972, he retired from the railroad and began receiving railroad retirement benefits.

On July 17, 1973, Workmen's Compensation Referee, Arthur Piccone, awarded Mr. Hollock benefits for total disability due to anthrosilicosis. The Commonwealth appealed to the Workmen's Compensation Board, which, on February 21, 1974, affirmed the referee's decision. The appeal to the court followed.

## DISCUSSION

There is no question raised that Hollock is not disabled by reason of anthrosilicosis caused by his

work in and around the mines. This court affirms the decision of the Workmen's Compensation Appeal Board.

The Commonwealth argues that claimant Hollock's receipt of federal retirement benefits prevents him from receiving Pennsylvania workmen's compensation benefits. Hollock receives benefits under the Railroad Retirement Act, 45 USC §228, 49 Stat. 967, as amended. Since this is the case, claimant Hollock will not lose his Pennsylvania workmen's compensation benefits, because the Railroad Retirement Act does not preempt or preclude receipt of disability benefits from another source. See 45 USC §228(b) 5; Hetrick v. Reading Co., 39 F. Supp. 22 (D. C. N. J. 1941).

Hollock's right to receive railroad retirement benefits is based on his having been a railroad employe for the requisite number of years and his having reached retirement age. It is not based on any railroad work-connected injury.

The Commonwealth further argues that if Hollock is receiving benefits under the Railroad Retirement Act for a disability, the receipt of such benefits is controlled by the law governing the receipt of benefits under Federal Employers Liability Act. The Commonwealth contends that the law governing FELA prevents compensation under State laws since FELA pre-empts State laws. The Commonwealth's contention is erroneous. Railroad retirement and FELA are separate and distinct, the former providing retirement benefits as its primary object, the latter relating to work-connected disabling injuries. Moreover, the only pre-emption that takes place under FELA is in situations where a claimant who has suffered an injury covered by FELA attempts to receive com-

pensation from State sources for the same injury. The pre-emption and exclusiveness of remedy under the FELA applies solely to employers' liability and not to the remedies of the employe: Cott v. Erie Railroad Co., 231 N. Y. 67, 131 N. E. 737 (1921). Thus, it is clear that if an employe suffers an injury while working for the railroad and suffers still another and separate injury while working for a different employer, the injured employe is not prevented or pre-empted from recovering separate amounts from separate employers for his separate and distinct injuries. As the Commonwealth itself states in its brief, citing 58 Am. Jur. §77, the intent of Congress in passing the FELA was to cover, and presumably pre-empt, the subject of railroad companies' liability to their employes for railroad related injuries. That is not this case.

In addition, the Pennsylvania Workmen's Compensation Act does not prevent an injured employe from recovering compensation from another source. See Meade v. Pa. Railroad Co., 99 Pitts. L. J. 307, aff 'd 375 Pa. 325, 100 A. 2d 612 (1953), where an employe received compensation under both the New York and Pennsylvania statutes.

Mr. Hollock's receipt of benefits under the Railroad Retirement Act does not pre-empt or prevent his receipt of benefits due to anthrosilicosis, unrelated to his railroad employment.

## ORDER

It is hereby ordered and decreed that the appeal of the Commonwealth of Pennsylvania from the decision of the Pennsylvania Workmen's Compensation Appeal Board is dismissed and the award to Nicholas Hollock is affirmed.