In re RONEY.

### RONEY v. FEDERAL LAND BANK OF LOUISVILLE et al.

No. 7289.

Circuit Court of Appeals, Seventh Circuit.

May 9, 1941.

Samuel E. Cook, of Huntington, Ind., for appellant.

J. S. Grimes, Acting Asst. Gen. Counsel, of Louisville, Ky., for appellees.

Before EVANS and TREANOR,[1] Circuit Judges and LINDLEY, District Judge.

LINDLEY, District Judge.

The debtor appeals from an order of the District Court terminating his moratorium under subsection s of Section 75 of the Bankruptcy Act, 11 U.S.C.A. § 203, sub. s, and directing that his real estate, mortgaged for $11,775.93, be advertised and sold at public sale free and clear of liens but subject to redemption within ninety days as provided by subsection s paragraph (3).

We shall ignore as immaterial the history of events and consequent effective moratorium under the original Frazier-Lemke Act, held unconstitutional. Following amendment of the act on August 28, 1935, 11 U.S.C.A. § 203, the debtor was adjudicated under subsection s. His farm land was appraised at $5,650 and on December 18, 1935, by order of court, surrendered to him to hold for three years as provided by the act. This period ended December 18, 1938. On December 7, 1938, the debtor filed an amended and supplemental petition in which he averred that under the provisions of Section 75, as amended March 4, 1938, the duration of the moratorium had been extended until March 4, 1940, and that he should be allowed one year from that period within which to take the property at its appraised value. The mortgagee answered, denying the correctness of this interpretation, averring that the moratorium had ended and praying that sale free and clear of liens should be ordered. Eventually on the twenty-fifth of January, 1940, the order complained of was entered.

The debtor insists, first, that the length of the moratorium period has been extended by statute; second, that the court erred in directing a public sale at which the creditor might bid the full amount of its mortgage debt; third, that the court should have permitted the debtor to take the property at the appraised value; fourth, that the court erred in terminating the moratorium, and fifth, that it erred in denying debtor's petition to set aside certain proceedings in the state court.

Debtor's position is that, under the provisions of Chapter 41, Sections 1, 2, 52 Stat. 84, approved March 4, 1938, 11 U.S.C. § 203(c), the Congress by statute extended the duration of the moratorium until March 4, 1940. We said in Lowman v. Federal Land Bank of Louisville, 7 Cir., 107 F.2d 540, 543, certiorari denied, 309 U.S. 680, 60 S.Ct. 724, 84 L.Ed. 1024, April 1, 1940, "the enactment in question is an amendment to the provision of the original act which limited the time for the filing of petitions under the act to five years after March 3, 1933. By the act of March 4, 1938, that date is extended until March 4, 1940. We find no language in the latter act which can be construed as an enlargement of the three year period of stay."

■ Here the statutory moratorium had expired more than a year prior to the court's order. It was not the purpose of the legislative enactment to extend the duration of the moratorium, but only to extend the time within which one might ask for a moratorium, the duration of which had already been definitely fixed by the statute. The court found that the debtor was unable to rehabilitate himself within the time provided by the act. Had the court allowed the petition of the debtor it would have in effect extended to him a moratorium of twice the time prescribed by statute. This it had no authority to do.

■ The debtor's contention that he had absolute right to take the property at the value established in court is sustained by the opinion of the Supreme Court in re Wright v. Union Central Life Ins. Co., 311 U.S. 273, 61 S.Ct. 196, 201, 85 L.Ed. ——. The court there held that the safeguard of a secured creditor provided by the act extends only to the value of the property; that he has no constitutional claim to more than that; that so long as that is protected he is in no position to insist upon further remedy; that when the value of the property has been determined as provided by the act, the debtor is entitled to have a reasonable time fixed by the court within which to redeem at that value and that if he does so redeem, the land must be delivered to him free and clear of incumbrances and his discharge granted. The court said expressly "Only in case the debtor failed to redeem within a reasonable time would the court be authorized to order a public sale." Consequently that portion of the order denying the debtor the right to purchase the property within a reasonable time, at the value fixed by the court, was in error. The court had the right to terminate the moratorium but it was also under the duty, as

---

[1] Judge Treanor approved this opinion but died before its announcement.

defined by the Supreme Court, to afford the debtor opportunity to buy at the fair value upon the latter's request so to do before ordering a public sale. If the debtor should fail to purchase within a reasonable time, the court might properly order the appointment of a trustee or direct the property sold or otherwise disposed as provided in the act.

The debtor complains also because the court did not "set aside" certain foreclosure proceedings alleged to have been had in the state court. Irrespective of the fact that the jurisdiction of the court to grant the relief prayed was dubious, the court entered no order. There has been no action in this respect upon which error could be assigned. A court of review may not revise a supposed error on a record which discloses no appealable order.

The judgment of the District Court is reversed, with directions to proceed in conformity with this opinion.