**In re MESHBERGER.**

**FEDERAL LAND BANK OF LOUISVILLE v. MESHBERGER.**

**MESHBERGER et al. v. FEDERAL LAND BANK OF LOUISVILLE.**

**Nos. 7871, 7917.**

Circuit Court of Appeals, Seventh Circuit.

Oct. 12, 1942.

Theo. W. Bates, J. F. Williamson, William C. Goodwyn, and John S. Grimes, all of Louisville, Ky., for appellant.

Samuel E. Cook, of Huntington, Ind., for appellee.

Before EVANS, MAJOR, and KERNER, Circuit Judges.

PER CURIAM.

■ The two appeals, growing out of the same matter, were presented at the same time. Appellants in No. 7917 have moved to dismiss their appeal. Appellee in the same appeal has no objections, provided one-half of the printing of the transcript be taxed against the appellants as part of the costs. This we think, is right, particularly as the matter was covered by an order entered when the two appeals were consolidated. The appeal therefore will be dismissed, but the appellee will recover as part of its costs, half of the cost of printing the transcript.

In No. 7871, it appears that the order made by the District Judge is attacked, first, because it gave to debtor too long a time in which to redeem. Pending this appeal, that period has expired. The question which appellant in No. 7871 raises, has become moot.

■■ Moreover, we do not think that the sale was stayed after the lapse of a year, by the appeal of the debtor in No. 7917. Without a stay bond or an injunction, the mortgagee could have applied for a sale of the premises. Convinced as we are that the alleged errors in allowing the debtor a longer time in which to redeem, have become moot by the lapse of said time and the failure of debtor to redeem, we need not consider this question. In fact, we do not think it is proper to do so.

■■ Respecting the price which the Conciliator fixed as the fair value, we think there was no error. The matter of value is largely a question of fact and we can not say the amount fixed was contrary to the evidence, considering the time when the valuation was fixed. Significant is the fact that the debtor has not redeemed the property, which is some evidence to support the conclusion that the amount fixed by the Conciliator was not unreasonably low.

Under all the circumstances, we think the judgment in No. 7871 must be affirmed. It is affirmed.

In both cases there should be an order directing the prompt issuance of the mandate.