954

**MESHBERGER et al. v. FEDERAL LAND BANK OF LOUISVILLE, KY.**

No. 8303.

Circuit Court of Appeals, Seventh Circuit.

Dec. 2, 1943.

Rehearing Denied Jan. 3, 1944.

Samuel E. Cook, of Huntington, Ind., for appellants.

Wm. C. Goodwyn, J. F. Williamson, and Theo. W. Bates, all of Louisville, Ky., for appellee.

Before SPARKS, MAJOR, and KERNER, Circuit Judges.

MAJOR, Circuit Judge.

This is an appeal from an order entered February 24, 1943 in a proceeding under Sec. 75 of the Bankruptcy Act, 11 U.S.C.A. § 203. The order denied appellants' (hereinafter referred to as debtors) right to redeem real estate involved in the proceeding, and sustained appellee's (hereinafter referred to as the creditor) right to a sale of the same. A trustee was directed to sell the real estate at public sale, and also ninety shares of stock in the Wells County National Farm Loan Association found to be non-exempt personal property of the debtors. Rent paid to the conciliation commissioner by debtors under court order, after the payment of certain items, was directed to be paid to the creditor and applied upon its debt.

The primary question for decision is the propriety of the court's action in denying redemption and ordering a sale of the real estate. If the order in that respect is sustained, we see no reason to consider or decide debtors' contention that they were entitled upon redemption to deduct from the appraised value of the real estate the amount of rent in the hands of the conciliation commissioner and the value of debtors' stock in the Wells County National Farm Loan Association.

This proceeding has been in court since the filing of debtors' petition August 12, 1934, and has afforded the basis for much litigation. Its history is set forth at great length in the record and in the briefs before us, most of which we think is irrelevant to a decision. We shall, therefore, omit the ancient history of the proceeding and commence at a more recent and pertinent era. On June 20, 1940, a sale order was entered by the District Court at the request of the creditor. Upon appeal by the debtors, such order was reversed by this court (no reported opinion) on the authority of Wright v. Union Central Life Insurance Co. et al., 311 U.S. 273, 61 S.Ct. 196, 85 L.Ed. 184. Our mandate on such reversal, entered January 20, 1941, directed the District Court to vacate its order of sale, to reappraise the property and "that a reasonable time be fixed by the court within which the debtor be permitted to redeem the property at its value as fixed by said appraisal." Upon the filing of such mandate in the District Court, the matter was referred to the conciliation commissioner to fix the value and determine the time for redemption. The commissioner in his report to the court

fixed the value at $6000 and allowed debtors one year in which to redeem at that valuation. On July 10, 1941, the court denied petitions of both debtors and creditors for review and confirmed the commissioner's report. Both parties appealed to this court, the debtors on the ground that the valuation was too high and the time to redeem too short, while the creditor appealed on the ground that the valuation was too low and the time to redeem unreasonably long. Debtors' appeal was dismissed on their own motion, and the contentions raised by the creditor on its appeal in part denied. In re Meshberger, 7 Cir., 131 F.2d 287. No decision was made, however, on the alleged unreasonableness of the redemption period for the reason, as was pointed out, that the redemption period had expired and the question was moot. (The redemption period expired May 27, 1942, and our opinion was rendered October 12, 1942.)

On November 28, 1942, subsequent to the filing of our mandate in the District Court, creditor filed a motion for an order appointing a trustee and directing sale of the real estate. On December 8, 1942, debtors filed their petition to redeem, which the creditor moved to strike. Thus it will be noted that the petition to redeem was filed six months subsequent to the expiration of the one year period for redemption which expired May 27, 1942. The court, by the order appealed from, denied the debtors' right to redeem and sustained the creditor's right to a sale.

Debtors undertake, as we understand their argument, to justify their right to redeem subsequent to the time fixed by the court for that purpose upon two grounds: (1) that the creditor's appeal from the order fixing such redemption period stayed or suspended the running of the one year redemption period from May 27, 1942 until that appeal was dismissed by this court; and (2) that in any event, debtors were entitled to redeem subsequent to the expiration of such period by reason of the provision contained in Sec. 203, sub. n, of the Act. We are of the view that both of these contentions are without merit.

■ In the first place, the court's order of July 10, 1941 fixing the reappraised value of the property and providing for a one year redemption period was a final order. Each of the parties so recognized and appealed therefrom. The order was in compliance with the direction contained in our mandate which was predicated upon the then recent holding in Wright v. Union Central Life Insurance Co. et al., supra. No supersedeas bond or stay order of any kind was filed in connection with the appeal from that order. Without analyzing the authorities relied upon by the debtors, we think it is sufficient to state that we have examined them and they are not in point. As was said by the court below, "There is no reason why the sum of $6000 could not have been deposited in court before the expiration of the one year period." The fact that the creditor by appealing from the order was assailing its propriety did not preclude or interfere with the right of the debtors to make such deposit and protect their rights during the redemption period.

In this connection, it is pertinent to observe that even as late as December 8, 1942, when debtors first asserted their right to redeem, no deposit was made and none had been made at the time of the order appealed from on February 24, 1943. The court below stated, "The buyers have made no deposit in court of $6000 or any other sum." It does appear, however, from debtors' brief that $6000 was deposited with the clerk of the court on March 30, 1943, which was more than three months after the filing of their petition to redeem. Debtors point out that the redemption money was deposited prior to the completion of the transcript of record and that "there is no proof that this slight delay in any way harmed the creditor." The fallacy of such contention lies in the fact that by the terms of the Act, the redemption money is required to be paid into court as a prerequisite to the right to redeem. However, we are of the view and so hold that even though the deposit had been made in connection with the filing of the petition to redeem, it would have been futile for the reason that the redemption period fixed by the court had long since expired, and upon its expiration the right to redeem was extinguished and the creditor acquired the right to an order for sale.

■ Debtors, in support of their right to redeem, rely upon and quote the following provision from Sec. 203, sub. n: "In all cases where, at the time of filing the petition, the period of redemption has not or had not expired, * * * the period of redemption shall be extended * * * for the purpose of carrying out the provisions of this section." It is argued that by reason of this language the time to redeem is of elastic duration, and we gather from the argument that it would be a right without end. In other words, times fixed by

statutory or judicial edict would be of little consequence. It would be left to the debtor in each case, we suppose, to decide and fix a time for redemption which would be suitable to his purpose. It will be noted from the language above quoted that the period of redemption referred to was one in existence "at the time of filing the petition." The order fixing the one year redemption period was entered on May 27, 1941, which was more than six years after the original proceedings were instituted. It is our opinion that the provision relied upon by the debtors is of no pertinency after a debtor has been adjudicated under subsection s. If debtors' contention be accepted, it is difficult to perceive the occasion for specific redemption provisions in subsection s or for the court's holding in the Wright case that the debtor was entitled in a certain contingency to a reappraisement and a reasonable time to redeem, to be fixed by the court. Certainly both the statutory provisions and the decision in the Wright case contemplate that the court is authorized to order a sale upon non-redemption within a time fixed for that purpose.

The debtors have had the benefit of two three year moratorium periods, plus a one year redemption period. Their petition to redeem was not filed until more than six months after the expiration of that period, and their redemption money was not deposited in court until more than three months later. Everything in this life, so far as we are advised, must sometime come to an end, and that includes the instant proceeding.

The order appealed from is affirmed.