In re RONEY et al.

## FEDERAL LAND BANK OF LOUISVILLE, KY., v. RONEY et al.

### No. 8247.

Circuit Court of Appeals, Seventh Circuit.

Dec. 2, 1943.

Rehearing Denied Jan. 3, 1944.

Wm. C. Goodwyn, Theo. W. Bates, and J. F. Williamson, all of Louisville, Ky., for appellant.

Samuel E. Cook, of Huntington, Ind., for appellees.

Before SPARKS, MAJOR, and KERNER, Circuit Judges.

MAJOR, Circuit Judge.

This in an appeal from an order of the District Court, entered in a proceeding under Sec. 75, sub. s, of the Bankruptcy Act, 11 U.S.C.A. § 203, sub. s, authorizing appellees (debtors) to redeem real estate involved in such proceeding upon an appraised value theretofore determined. The order appealed from denotes that it was entered on September 15, 1942, but the record discloses that it was actually signed and entered October 14, 1942. It was predicated upon debtors' petition filed September 2, 1942, entitled "Debtors' petition to redeem land at appraised value."

The primary question for decision is the propriety of the court's action in allowing redemption and denying an order for sale. Another issue has to do with the rights of the parties in rent alleged to be owing by the debtors, pursuant to an order of court in

that respect. This issue, as we view the matter, is material only in the event that debtors were entitled to redeem. Otherwise, there is no occasion to decide the rent issue.

This proceeding was instituted July 23, 1935, by the filing of a debtors' petition. Shortly thereafter a stay order was entered and the debtors have since had possession and use of the farm. We see no occasion to relate the history of the proceeding, except as it pertains to the instant case. On January 25, 1940, the court entered an order directing the farm to be sold at public sale, with a ninety day redemption period. From this order, Roney appealed to this court. Roney v. Federal Land Bank of Louisville et al., 119 F.2d 989. As is disclosed by the opinion in that case, the debtor contended, among other things, that the District Court erred in denying him the right to redeem at the appraised value.. Following the decision of the Supreme Court in Wright v. Union Central Life Insurance Co. et al., 311 U.S. 273, 61 S.Ct. 196, 85 L.Ed. 184, the debtors' contention in this respect was sustained, and the cause reversed and remanded for further proceedings in conformity with such holding. In sustaining the debtors' contention this court, in appraising the holding of the Wright case, said (page 990 of 119 F.2d): " * * * that when the value of the property has been determined as provided by the act, the debtor is entitled to have a reasonable time fixed by the court within which to redeem at that value and that if he does so redeem, the land must be delivered to him free and clear of incumbrances and his discharge granted. * * * Consequently that portion of the order denying the debtor the right to purchase the property within a reasonable time, at the value fixed by the court, was in error." The effect of our direction to the court below was that it again establish the value of the property and determine a reasonable redemption period.

Upon the return of the case to the District Court, appellant filed its petition requesting that the property be reappraised and that debtors be given a reasonable time, not to exceed ninety days, within which to redeem at the reappraised value, and that upon failure to redeem within such time the court order a public sale. Upon reference, a Special Master, by order of November 10, 1941, fixed the value of the property at $5650, and ninety days from the date of such order as the redemption period. Both sides excepted to this order, but insofar as it fixed the appraisement and time for redemption, it was confirmed by the District Court's order of February 17, 1942. That is, the court by its order fixed the value of the property the same as that fixed by the Master and determined "that a reasonable time for debtor to redeem the same is ninety days from the date of this order." The order further provided that upon failure of the debtors to redeem within the time fixed, a designated trustee was ordered forthwith to offer the farm for sale.

The redemption period fixed by the court expired on May 18, 1942, without effort of any kind by the debtors to redeem. On September 2, 1942, debtors filed a petition disclosing their ability to pay into court the appraised value, with the request that they be permitted to redeem. Appellant moved to dismiss this petition on the ground that debtors' right to redeem expired May 18, 1942, by virtue of the court's order of February 17, 1942. It was alleged that no objection, exception or appeal was filed or taken from the latter order and that it became final and binding upon all interested parties, including debtors.

No authority is cited and we know of none where the precise question presented has been decided; in fact, until the decision of the Supreme Court in Wright v. Union Central Life Insurance Co., supra, it was not generally thought that a debtor had a right under subsection (3) to redeem at a reappraised value. In deciding to the contrary, the court on page 281 of 311 U.S., on page 201 of 61 S.Ct., 85 L.Ed. 184, said: " * * * he was then entitled to have a reasonable time, fixed by the court, in which to redeem at that value; and that if he did so redeem, the land should be turned over to him free and clear of encumbrances and his discharge granted. Only in case the debtor failed to redeem within a reasonable time would the court be authorized to order a public sale."

It is at once apparent that this requirement was complied with, as well as the directions of this court given in connection with the former appeal, when on February 17, 1942, ninety days was fixed and determined as a reasonable time in which to redeem. As pointed out, no appeal or exception was taken from that order, and, so far as the record discloses, no contention

was made then, and none is made here, but that the time provided was reasonable. Almost five months after the period of redemption thus determined had expired, the court entered the order appealed from. This was done without vacating its order of February 17, and without any finding or conclusion that its former determination as to a reasonable time was erroneous.

We are of the view that appellant's contention must be sustained. On authority of the Wright case, as well as by the decision of this court on the former appeal, the debtors were entitled to have a reasonable time fixed for redemption. The court was empowered to allow no more and no less. Of course, a reasonable time might vary with the circumstances of the case; however, the court in the instant case after due consideration fixed and determined such time at ninety days. At the time of the entry of the order complained of, debtors had had almost eight months to redeem. There is nothing in the record to indicate that the court had changed its mind as to what constituted a reasonable time, unless it be implied from the fact that redemption was permitted. Assuming that such implication arises, a serious question would be presented as to whether almost eight months would constitute a reasonable time under the circumstances of this case. If the court had the authority to add five months to the redemption period, without any determination as to its reasonableness, after the expiration of ninety days which it had determined to be reasonable, there would seem to be no limit upon the power of the court to extend such time. To sustain debtors' contention would in effect mean that a debtor could determine for himself a redemption period suitable to his own purpose and convenience, and this irrespective of statutory or court mandate.

It is our judgment that the court's order of February 17, 1942, fixing the appraised value and determining a reasonable period for redemption, was a conditional order which became final on May 18, 1942. A conditional judgment is defined in 34 Corpus Juris, Sec. 1187, at page 771, as follows: "A judgment which will not become effective unless certain conditions are complied with, or which may be defeated or amended by performance of a condition subsequent, is no bar to a second action on the same subject matter unless it has become absolute by a performance of the conditions in the one case, or failure to perform in the other * * *." In 31 Amer. Juris., Par. 435, page 95, a final judgment is described as follows: "* * * a judgment is regarded as final if no further questions can come before the court except such as are necessary to be determined in carrying it into effect * * *."

We suppose no one would contend but that the fixing of value by the order of February 17, 1942, was a final adjudication thereof. Likewise, so we think, the determination of a reasonable period for redemption became final upon non-redemption within such time. As already noted, debtors appealed from the order of January 25, 1940, ordering a sale of the property, and succeeded in obtaining a reversal. They recognized that order as final and we think the instant order must be placed in the same category. Furthermore, in Matter of Meshberger et al., 7 Cir., 138 F.2d 954, decided this day in a proceeding under Sec. 75, both the creditor and the debtors recognized an order reappraising the value of the real estate and fixing a period for redemption as final; that is, they recognized the order as final by taking an appeal therefrom. Such action in that case would have little, if any, significance except from the fact that both the creditor and the debtors in that case were represented by the same counsel as appear for the respective parties in the instant case.

We think there can be no doubt but that both the statute and the Wright case recognize that a debtor's right to redeem must be exercised within the period provided therefor, and that at the expiration thereof such right is extinguished. Upon such extinguishment, the creditor's right to a public sale becomes vested. Any other construction would preclude finality in determining the rights of the parties; in fact, it would leave the gates wide open for litigation without end.

Holding as we do that the order of February 17, 1942, determining a reasonable period of redemption at ninety days, became final upon non-redemption within such period, it follows that the debtors had no right and the court was without authority to allow redemption after the expiration of that period. The order appealed from is therefore reversed, with directions to dismiss debtors' petition for redemption and for further proceedings consistent with law.