In re SHERIDAN VIEW BLDG. CORPORATION.

SEIFRIED v. COLLINS et al.

No. 8755.

Circuit Court of Appeals, Seventh Circuit.
June 6, 1945.

Sveinbjorn Johnson and Luther D. Swanstrom, both of Chicago, Ill. (Johnson & Short and Luther D. Swanstrom, all of Chicago, Ill., of counsel), for appellant.

David J. Ratner, Michael J. Levenson, Jr., and Simon H. Alster, all of Chicago, Ill., for appellee.

Before SPARKS, KERNER, and MINTON, Circuit Judges.

KERNER, Circuit Judge.

This is an appeal from an order approving a creditors' petition for reorganization of Sheridan View Building Corporation under Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq.

The debtor's sole asset is an apartment building. The debtor was organized as the result of a state court foreclosure reorganization in which the bondholders took sixty per cent of their claims in a junior mortgage bond issue presently to be described, and the balance by the issuance to them of all the capital stock of the debtor.

The petition alleges that the debtor is a business corporation incorporated on July 6, 1933, under the laws of the State of Illinois; that its business is the operation of an apartment building in the City of Chicago, which is encumbered with a first mortgage of $26,000 and with a junior mortgage of $210,000 on which the unpaid balance is $200,800 and which matured December 1, 1944; that petitioners are the owners of $5,700 principal amount of the junior bonds; that there is now pending—and undisposed of—in a state court of Illinois a bill to foreclose the junior mortgage; that by virtue of increased real estate taxes, increased operating and labor costs, and rent ceilings, the debtor's assets could not presently be sold at a price fairly commensurate with their real value and that a sale would result only in great loss to the debtor and its creditors; that debtor is unable to pay its debts as they mature; and that no plan of reorganization affecting the property of the debtor is pending.

Appellant, holder of $132,800 or 66.1% of the outstanding junior bonds, filed an answer in which he denied that the petition was filed in good faith, and alleged that the petition did not contain a statement of specific facts showing the need for relief under Chapter X or that the interests of creditors would not be best subserved in the prior pending foreclosure proceeding, which had progressed to the stage where the proceeding was ready for decree.

There was a hearing before the court upon the petition and answer, after which, without making a finding of facts, the court said: "The evidence in this case clearly indicates to me that this is a case which should be proceeded with under Chapter 10."

The question is whether the petition complied with Chapter X of the Act. 11 U.S.C.A. §§ 530, 541, and 546.

Appellees contend that it does and in this contention, Securities and Exchange Commission, having been granted leave to file a brief as amicus curiae, joins.

Chapter X of the Bankruptcy Act was designed to facilitate the recapitalization or reorganization of corporate businesses. In re Western Tool & Mfg. Co., 6 Cir., 142 F.2d 404. Like a petition brought under § 77 of the Act, 11 U.S.C.A. § 205, it is a special proceeding which seeks to bring about a reorganization, if a satisfactory plan to that end can be devised, Continental Illinois National Bank & Trust Co. v. Chicago, Rock Island & Pacific R. Co., 294 U.S. 648, 676, 55 S.Ct. 595, 79 L.Ed. 1110, but Congress did not intend a Chapter X case to be turned into a liquidation proceeding at the outset. Fidelity Assurance Association v. Sims, 318 U.S. 608, 622, 63 S.Ct. 807, 87 L.Ed. 1032.

We have been told that every petition under Chapter X must state, inter alia, "the specific facts showing the need for relief under this chapter," § 530. Section 541 provides that the judge shall enter an order approving the petition "if satisfied that it complies with the requirements of this chapter and has been filed in good faith, or dismissing it if not so satisfied." Section 546 defines "good faith" and provides that "Without limiting the generality of the meaning of the term 'good faith', a petition shall be deemed not to be filed in good faith if—

\* \* \* \* \*

"(4) a prior proceeding is pending in any court and it appears that the interests of creditors and stockholders would be best subserved in such prior proceeding." Thus Congress in effect directed the bankruptcy courts not to approve petitions under Chapter X in such cases unless it appeared that the interests of creditors and stockholders would not be best subserved in the prior proceedings. And it put the burden on the petitioner to make that showing.

534

The petition must set forth the essential facts constituting the right to proceed in bankruptcy. When a prior proceeding is pending, the petitioner's showing of "need for relief" must demonstrate that at least in some substantial particular the prior proceedings withhold or deny creditors or stockholders benefits, advantages, or protection which Chapter X affords. Marine Harbor Properties, Inc. v. Manufacturers Trust Co., 317 U.S. 78, 63 S.Ct. 93, 87 L. Ed. 64.

Under the laws of Illinois mortgage creditors resort to courts of equity for relief and those courts prescribe equitable terms upon which they may receive that relief, and it is within their power to prevent creditors from taking undue and unconscionable advantage of debtors, Levy v. Broadway-Carmen Building Corporation, 366 Ill. 279, 8 N.E.2d 671. We have no doubt that it is also within the power of the court to see to it that one creditor does not receive an undue advantage of another, and since equity jurisdiction of foreclosure proceedings is general, the court may, where the interests of a number of bondholders are involved, consider an intervening petition proposing a plan by and for the protection of the bondholder. First National Bank v. Bryn Mawr Beach Building Corporation, 365 Ill. 409, 6 N.E.2d 654, 109 A.L.R. 1123. In such a proceeding it is the duty of the court to supervise the sale and to approve or reject the report of sale, and unfairness from any cause which operates to the prejudice of an interested party will justify the court in refusing to approve a master's sale on foreclosure. Levy v. Broadway-Carmen Building Corporation, supra.

Furthermore, the petition under Chapter X must show the possibility of reorganization, § 546(3). To say it another way, the jurisdiction of the bankruptcy court will not be invoked in a reorganization proceeding in the absence of a showing of good faith. In the absence of such a showing the "need for relief" has not been established. Marine Harbor Properties, Inc. v. Manufacturers Trust Co., supra, 317 U.S. 84, 63 S.Ct. 96, 87 L.Ed. 64. If other or more suitable relief is available, or if there is not a showing that there is a reasonable possibility of successful reorganization, the proceeding should be dismissed. Manati Sugar Co. v. Mock, 2 Cir., 75 F.2d 284, and In re Suburban Properties, 7 Cir., 110 F.2d 438.

In the case before us the petition did not allege the specific facts showing the need for relief and that it was reasonable to suppose that a plan of reorganization could be effected, nor was there any proof tending to establish such facts. The court was not warranted in assuming without more that the state foreclosure proceeding was inadequate to protect petitioners' interests. Marine Harbor Properties, Inc. v. Manufacturers Trust Co., supra, 317 U.S. 88, 63 S.Ct. 98, 87 L.Ed. 64. Neither was there any evidence of the debtor's financial history, its earning capacity, past, present, or prospective, and when appellant offered to prove that the fair market value of the property was $171,000, that is, $55,800 less than the first and junior indebtedness, appellee objected and the court sustained the objection.

For the reason stated, the order of the District Court will be reversed. It is so ordered.