In The Matter of The **CHICAGO TUN-NEL TERMINAL CORP.**, Debtor.

**CHICAGO TUNNEL TERMINAL CORP.**,
Appellant,

v.

**RUTLAND TRANSIT COMPANY**, etc.,
Appellee.

No. 11937.

United States Court of Appeals
Seventh Circuit.

Aug. 13, 1957.

Rehearing Denied Sept. 11, 1957.

Albert E. Jenner, Jr., Edward H. Hatton, Thomas P. Sullivan, Chicago, Ill., Thompson, Raymond, Mayer, Jenner & Bloomstein, Chicago, Ill., of counsel, for debtor-appellant.

Sidney R. Zatz, Robert Tieken, U. S. Atty., Walter N. Kaufman, Richard Z. Rosenfeld, Chicago, Ill., Arvey, Hodes & Mantynband, Chicago, Ill., of counsel, for appellee.

Before DUFFY, Chief Judge, FINNEGAN and SCHNACKENBERG, Circuit Judges.

FINNEGAN, Circuit Judge.

Recently, during our review of a tort complaint, we pointed up the extant integration between the parent corporation, Chicago Tunnel Terminal Corporation and its subsidiaries, Chicago Tunnel Company, Chicago Tunnel Terminal Company and Chicago Tunnel Transport Company. Sisco-Hamilton Co. v. Lennon, 7 Cir., 1957, 240 F.2d 68. Now the parent, debtor, non-operating company, Chicago Tunnel Terminal Corporation, is before us complaining of its exclusion from the benefits of reorganization under Chapter X, 11 U.S.C.A. § 501 et seq., despite current pendency of reorganization proceedings of and for each one of its three operating subsidiaries, in the court below.

Because he concluded that the Debtor's petition for its reorganization under Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 541, "was not filed in good faith" the district judge dismissed it. Through its Reply Brief, this Debtor informs us: "On the Petition and Rutland Answer, the cause came on for hearing on October 5, 1956. The debtor *rested* on the *pleadings, declining to put in evidence,* explaining its position at length." But after studying this record and the authorities cited to us, we think that position is untenable. In re Sheridan View Bldg. Corporation, 7 Cir., 1945, 149 F.2d 532, 534, Bankruptcy Act, Chap. X, §§ 130 and 141, 11 U.S.C.A. § 530 and § 141.

Debtor is the sole stockholder of each subsidiary and its assets are accounts receivable from those subsidiaries in reorganization, totaling $10,000,000 as against liabilities of roughly $136,000. But the skeleton petition for reorganization needs fleshing out with factual allegations for these cannot be supplied by tenuous arguments resting on purported admissions through pleadings. Without more of a showing, the mere intercor-

porate relationship is unavailing in this type of proceedings. Itemized rejection of each point raised in the Debtor's brief is unnecessary in this opinion for none of them repairs the critical defect in Debtor's pleading and course of action.

Judgment affirmed.

SCHNACKENBERG, Circuit Judge (concurring).

While Judge Finnegan's opinion is unduly abbreviated and lacks a sufficient statement of the facts involved to inform the reader as to what is involved in this appeal, I concur in the result reached.