In The Matter of **CHICAGO TUNNEL TERMINAL CORPORATION**, a corporation, Bankrupt, Appellant,

v.

**RUTLAND TRANSIT COMPANY**, Appellee.

No. 12223.

United States Court of Appeals Seventh Circuit.

May 15, 1958.

Leonard Gesas, Chicago, Ill. (Michael Gesas, Chicago, Ill., of counsel), for appellant.

Sidney R. Zatz, Chicago, Ill., Walter N. Kaufman, Richard Z. Rosenfeld, Chicago, Ill. (Arvey, Hodes & Mantynband, Chicago, Ill., of counsel), for appellee.

Before FINNEGAN, SCHNACKENBERG and HASTINGS, Circuit Judges.

HASTINGS, Circuit Judge.

Chicago Tunnel Terminal Corporation, appellant, filed a voluntary petition in bankruptcy on October 21, 1957, and was duly adjudged a bankrupt. Its subsequent petition for an order to restrain the Rutland Transit Company (Rutland) from proceeding with a sale of its property in satisfaction of a judgment obtained by Rutland two years previously on October 11, 1955, was denied. This appeal is from the order denying that petition and marks the third time in two years that appellant has brought this litigation to this court. The only issue raised is whether or not, as computed under provisions of the Bankruptcy Act, Rutland's lien was in effect for more than four months prior to the filing of the instant voluntary bankruptcy proceeding.

The judgment upon which Rutland seeks to levy was affirmed by this court May 3, 1956. 7 Cir., 233 F.2d 655. Execution was issued and served on appellant April 11, 1956 but was returned unsatisfied. Supplementary proceedings to discover assets of appellant were then instituted by Rutland and on July 9, 1956 the district court ordered Chicago Tunnel to endorse and deliver to the United States Marshal the certificates for its shares of stock in and its accounts receivable from its subsidiaries so that execution could be levied on those assets. Two days later appellant filed a petition for reorganization under Chapter X of the Bankruptcy Act which petition was dismissed November 27, 1956 on the ground that it had been filed in bad faith to prevent Rutland from proceeding further in its efforts to obtain satisfaction of its judgment. On August 13, 1957 the dismissal of that petition was affirmed by this court (247 F.2d 487) and appellant's petition for rehearing was denied September 11, 1957. Our mandate in that case issued October 7, 1957. On October 17, 1957, the district court directed appellant to show cause why it should not be held in contempt for failure to comply *with the order of July 9, 1956.* The hearing on the rule to show cause was continued daily from October 21, 1957 to October 24, 1957 upon assurances of appellant that it was attempting to comply with the order. The assets were finally delivered to the United States Marshal on October 24, 1957 and the rule to show cause dismissed; but, in the meantime, appellant had filed its voluntary petition in bankruptcy and sought to restrain the sale of those assets.

Appellant contends that the entire period from July 11, 1956, when it filed its voluntary petition under Chapter X of the Bankruptcy Act (11 U.S.C.A. §§ 501–676), through October 7, 1957, when this court issued its mandate after affirming the dismissal of that petition by the district court, is a suspended period in the computation of time under the bankruptcy law in relation to the recovery of preferences and avoidance of liens. Section 261 of the Bankruptcy Act provides for such suspension "while a proceeding under this chapter [Chapter X] is pending and *until it is finally dismissed.*" (Our emphasis.) 11 U.S.C.A. § 661. Under its theory, the Rutland lien was effective from April 11, 1956, when execution issued on the judgment, until July 11, 1956, when the voluntary petition for reorganization was filed (a period of three months) and, in addition, from October 8, 1957, after issuance of this court's mandate to October 21, 1957, the date of the voluntary petition in bankruptcy (a period of 13 days), and was, thus, within the four months preference period.

It is appellee's position, however, that the effectiveness of its lien was reinstated November 27, 1956 when the district court dismissed appellant's petition for reorganization. This was, it urges, such a final dismissal as would stop the suspension of the running of any period of time with respect to the lien. In this connection Rule 62(a) and (d) of the Federal Rules of Civil Procedure, 28 U.S.C.A. provides for an automatic stay of ten days after a judgment and for a further stay upon appeal which is "effective when the supersedeas bond is approved by the court." Appellee urges that Rutland could then have enforced its lien at any time between December 8, 1956 [1] and December 28, 1956. (This court approved and ordered filed the bond and surety of appellant as of December 28, 1956.) This additional period of 20 days together with the 3 months and 13 days as computed by appellant would add up to more than four months.

---

1. This is under the assumption that the provision for automatic stay is applicable. Rule 62(a) provides that: "Except as stated herein, no execution shall issue upon a judgment nor shall proceedings be taken for its enforcement until the expiration of 10 days after its entry.

* * *" This seems applicable only when the judgment entered is the one appealed from or sought to be enforced. In this case Rutland would have been seeking enforcement of a prior judgment. But we do not decide this point.

We agree with appellee that the district court's dismissal of the petition for reorganization was such a final dismissal of the Chapter X proceeding as would abrogate the suspension of the lien and that the lien was again effective and enforceable until such time as this court approved and ordered filed the bond and surety of appellant. During this period appellee could have enforced its lien subject to a reversal by this court of the district court's dismissal of the petition for reorganization. In Wilson v. Alliance Life Ins. Co., 5 Cir., 1939, 108 F.2d 150, 152, a bankruptcy proceeding had been dismissed and an appeal taken from the judgment without a supersedeas bond having been obtained. The court held that the pendency of the appeal did not bar a proceeding by a creditor to enforce payment of a note and foreclose a deed of trust. As the court indicated: "There being no supersedeas, the bankruptcy proceeding stood dismissed and was no obstacle to the foreclosure. The plaintiff merely took the chance of having to vacate the foreclosure decree if the bankruptcy case should be reversed on appeal." This court held to the same effect in In re Meshberger, 7 Cir., 1942, 131 F.2d 287, 288.

Appellant has for a long period avoided compliance with the order of the district court entered July 9, 1956. Its ultimate compliance on October 24, 1957 came only after it voluntarily placed itself into bankruptcy with a view toward further delaying appellee in its attempts to secure execution on its judgment. The good faith of appellant in all this has been seriously questioned. In light of the fact that the Chapter X proceeding was disallowed by the district court on the ground that it had been filed in bad faith "for the purpose of preventing Rutland Transit Co. from proceeding further with its efforts to obtain satisfaction of its judgment against the debtor", it is open to serious question whether appellant should be allowed to take further advantage of such proceeding in seeking to prevent appellee from obtaining satisfaction of its judgment. But in view of our holding we need not decide this.

The order of the district court denying appellant's petition for an order restraining the sale of the bankrupt's property in question is

Affirmed.