BURKE, Chief Justice,
concurring in part and dissenting in part.
[¶ 17] I write separately because I disagree with the majority's determination that we lack jurisdiction. explained: We have previously
An appealable order is "[aln order affecting a substantial right in an action, when such order, in effect, determines the action and prevents a judgment[.]" WRAP. 1.05(a). "[A] judgment or order which determines the merits of the controversy and leaves nothing for future consideration is final and appealable, and it is. not appeal-able unless it. does those things." Public Service Commission v. Lower Valley Power, 608 P.2d 660, 661 (Wyo.1980).
Steele v. Neeman, 6 P.3d 649, 653 (Wyo.2000). "Said another way, to be appealable, an order must leave nothing for future consideration." Miller v. Beyer, 2014 WY 84, ¶ 20, 329 P.3d 956, 962 (Wyo.2014).
[T18] I recognize that the document at issue was entitled "Entry of Default Judgment with Findings of Facts and Conclusions of Law," and that it was signed by the judge and entered in the court docket, However, the title of the document is not determinative in assessing whether it is an appealable order. We must review the contents of the entire document in order to determme its impact.
Most appellate courts, in addressing ﬁnall— ty, agree that the substance should be elevated over the form of the order. See generally 4 C.J.S. Appeal & Error § 946, pp. 265-66. Instead of emphasizing the name given to an action below, we should concentrate on the effect the order has on the parties' rights.
Stone v. Stone, 842 P.2d 545, 548 (Wyo.1992). In this case, when the entire document is reviewed, it is clear that the order did not resolve all outstandmg issues. The‘f‘order states:
THE COURT HAS PREPARED THIS ORDER. IN THE EVENT THAT ANY PARTY OBJECTS TO THE FORM ' AND/OR CONTENT OF THIS ORDER, sUCH OBJECTING PARTY SHALL HAVE TEN (10) DAYS TO FILE AND SERVE - ANY OBJECTIONS, ALONG WITH AN ALTERNATE FORM OF ORDER. THE COURT RESERVES THE RIGHT TO RULE UPON ANY OBJECTIONS FILED BY ANY PARTY WITH, *318 ~_OR WITHOUT, 'A HEARING, FAIL URE TO FILE AND SERVE ANY OBJECTIONS, ALONG WITH AN ALTERNATE FORM OF ORDER, WITHIN . TEN. (10) DAYS FROM THE DATE HEREOF SHALL. BE DEEMED A COMPLETE WAIVER OF ANY AND ALL OBJECTIONS AS TO FORM OR CONTENT OF THIS ORDER.
(Capitalization and emphasis in original.) Based upon the clear» and unambiguous terms of the order, it would only become final if no objections to the order were filed within ten days,. Appellant filed his objections within the ten-day time period.
[¶ 19] The case before us now is more akin to 2-H Ranch Co., Inc. v. Simmons, 658 P.2d 68, 69 (Wyo.1983), in which "the district court entered what is purported to be a judgment" indicating that, after the commencement of trial, the parties reached a settlement agreement, The terms of that agreement, as set forth in the purported judgment, were that the Simmonses would deed certain property to 2-H Ranch, and 2-H Ranch would pay the Simmonses a sum of money. Id. at 70. The purported judgment concluded: "That with the tender of payment by [2-H Ranch] in accordance with the terms set forth above, [and] the delivery of the aforesaid warranty deed ... this action shall be dismissed with prejudice to all parties, and each party shall bear his or her own costs." Id.
[T201] 2-H Ranch apparently failed <to pay the money and the Simmonses obtained a writ of execution against 2-H Ranch property, The property was subsequently sold at a sheriff's sale. Id. at 70O-7Tl,. Later, 2-H Ranch filed a motion to set aside the sheriff's sale, asserting that "the judgment entered by the district court would not permit the issuance of the writ of execution against its property." Id. at 71. The district court denied the motion, but we agreed with 2-H Ranch and reversed that decision. We explained:
The judgment entered by the dlstmct court : is certainly a curious. document; though so labeled, it is not a judgment and we cannot hold that it is under the Wyoming Rules of Civil Procedure. It does not provide the basis for the ultimate disposition of [the] property.
Id. We determined that the "so-called judgment" was "at best a conditional judgment that never had its conditions met."
Conditional judgments are judgments that do not become effective unless the conditions they contain have been complied with or that may be defeated or amended: by the performance of a subsequent act or occurrence. In Re Roney, 139 F.2d 175 (7th Cir.1943). - Conditional judgments, however, are not final or appealable judgments under Rule 54(a), PR.C.P., until all contingencies have been removed. Id. at . 177; 10 Wright & Miller [Federal Practice and Procedure: Civil § 2651] at 14. Likewise, under Rule 54(a), W.R.C.P., where a judgment is defined as a final determination of the rights of parties to an action, a conditional judgment cannot be held to be a judgment until the contingencies contained within it have been removed.
2-H Ranch Co., Inc. at 72. We concluded that the conditional ' judgment with unmet contmgenmes did not resolve the rights of the parties and was not a judgment. It did not support the issuance of a writ of execution, "since such a writ is issued to enforce a judgment." Id. -
[¶ 21] Also instructive is the divorcee case of Walter v. Walter, 2015 WY 53, ¶¶ 20-24, 346 P.3d 961, 967 (Wyo.2015), in which, after trial, the district court entered "detailed and comprehensive Findings of Fact and Conclusions of Law." The district court later modified those findings and conclusions, resulting in terms more favorable to Father than the earlier decision. On appeal, Mother asserted that it was improper for the district court to alter its findings and conclusions, We noted, however, that "the 'district court's findings and conclusions were not meant as a final order [because they] directed Father to prepare and cireulate a proposed divorcee decree," Id., ¶ 24, 346 P.3d at 967. Accordingly, we concluded that the initial findings and conclusions were not a final order, and the district court had the authority to revise them at any time before entering the divorce decree. See also Broadhead v. Broadhead, 737 P.2d 731, 733 (Wyo.1987) (A tentative *319 decision does not "constitute a judicial determination which may be considered a final order.").
[¶ 22] The purported judgment in the case before us was a tentative decision. It expressly indicated that it could be altered or amended based on the parties' objections. It was also a conditional judgment that could not become effective until its contingencies were fulfilled. But whether characterized as tentative or conditional, the so-called default judgment did not determine the merits of the controversy, and it expressly left the parties' objections open for future considertation.[5] It was not an appealable order.
[¶ 23] The merits of this controversy were not finally determined until the district court entered the order denying Mr. Lokey's objections. The appealable order in this case was the order denying the objections, not the purported default judgment, Mr. Lokey correctly identified the appealable order in his notice of appeal, and that notice, filed within thirty days of the entry of that order, was timely, 'We have jurisdiction and this case should be resolved on the merits.
[¶ 24] If considered on the merits, I would determine that Appellant has failed to establish prejudicial error and that Appellee is the prevailing party, Accordingly, I would affirm and award reasonable attorney fees to Appellee based upon the language of the contract, f
FOX, J., delivers the opinion of the Court; BURKE, C.J., files a concurring in part and dissenting in part opinion.

. The objection filed by Appellant was not a post-judgment motion for reconsideration because no final judgment had been entered. Also, if the purported judgment was not an appealable order, it is unnecessary to determine whether the time for appeal had been tolled.